## MENASHE v. SUTTON et al.

District Court, S. D. New York.
Jan. 30, 1947.

George A. Ferris, of New York City (Albert Adams, of New York City, of counsel), for plaintiff.

William Gellin, of New York City (J. I. Isaacs, of New York City, of counsel), for defendants Murad A. Sutton and Adele Ancona Sutton.

HULBERT, District Judge.

Defendants seek an order dismissing the action for lack of jurisdiction over the subject matter and over the person of the defendants Sutton for lack of diversity of citizenship.

It appears from the moving affidavit that plaintiff, before the institution of this action, commenced an action against the defendants herein, and others, in the United States District Court for the Territory of Hawaii, and in his complaint in that action alleged his residence in New York, and that of the defendants, in Honolulu.

On motion of the defendants Sutton, the action was dismissed "for lack of jurisdic-tion." The order entered thereon October 17, 1946, recited "though alleged to be residents of the Territory of Hawaii are in fact residents of the State of New York."

Thereupon a suit in equity was brought by the plaintiff against the defendants Sutton et al. in the Circuit Court of the First Judicial Circuit, Territory of Hawaii, for an accounting, dissolution of partnerships, discovery and incidental relief, and by an order entered and filed in said action November 15, 1946, *upon consent of the parties thereto,* F. B. Carter III, of Honolulu, T. H., was appointed receiver of the co-partnership business mentioned in the bill of complaint, and of all of its assets, including without limitation as to the generality of the foregoing, all property, books, papers and records thereof. It was agreed that no bond should be required of the receiver.

Thereupon proceedings were instituted in this court by the presentation of an affidavit by plaintiff's attorney, verified January 10, 1947, and a certified copy of the papers on file in said action pending in the Circuit Court of the First Judicial Circuit of the Territory of Hawaii, upon which Judge Rifkind made an order January 10, 1947, appointing an ancillary receiver of all the property of said copartnership within the jurisdiction of this court, and directing said ancillary receiver to report to this court, within 30 days from the date of said order with a full inventory of all property of which he shall have taken possession.

It is the contention of the defendants Sutton that the court is without jurisdiction to entertain this action because the plaintiff and the defendants Sutton are citizens and residents of the State of New York.

The question for determination is whether a receiver may be appointed by this court ancillary to a receivership in an action pending in the Circuit Court for the First Judicial Circuit in the Territory of Hawaii unless diversity of citizenship affirmatively appears.

In Mitchell, Insurance Commissioner of California, v. Maurer et al., 9 Cir., 67 F.2d 286, the court had before it a somewhat

104

similar situation; International Re-insurance Corporation was organized under the laws of Delaware. It had a place of business and real and personal property in California. In an action brought in the Court of Chancery of Delaware, primary receivers of all of its property were appointed and authorized to apply in other jurisdictions for the appointment of ancillary receivers. Immediately they filed in the United States District Court for the Southern District of California 'a petition, or bill, praying that ancillary receivers be appointed of property there located. The application was granted ex parte. Simultaneously, the Insurance Commissioner of California filed in the Superior Court of that State a petition praying that he be placed in possession of the property and business of the corporation, and that court immediately entered a temporary order enjoining the corporation from disposing of its property in California and ordered the Insurance Commissioner to take possession thereof. Its license to transact the business of workmen's compensation insurance in that State had been revoked by that Commissioner prior to the appointment of the primary receivers. Ultimately the case reached the Circuit Court of Appeals for the Ninth Circuit, which in an opinion (69 F.2d 233, 238) said: "Finally, it has been held that an ancillary suit in a federal court does not depend on diverse citizenship."

On certiorari to the United States Supreme Court, 293 U.S. 237, 238, at page 243, 55 S.Ct. 162, at page 164, 79 L.Ed. 338, Mr. Justice Brandeis said: " * * * the contention is unsound. Where the jurisdiction of a Federal District Court is based upon diversity of citizenship, proceedings therein in intervention being ancillary, the jurisdiction rests upon that of the main cause. * * * The same rule is applicable to sustain jurisdiction of independent suits which are ancillary to an original suit *in the same court.* * * * *Whether the rule may ever be applied to a suit brought in a federal court of another district; and whether a suit for the appointment of ancillary receivers in another federal district in an ancillary suit within the* *meaning of the rule does not appear to have been decided by this Court. We need not decide either question now.* For the rule can have no application where primary receivers appointed by a state court bring a suit for the appointment of ancillary receivers in the federal court for another State. Obviously such an application is not ancillary to any proceedings in any federal court. It is an independent original bill. Being such, it cannot be sustained when diversity of citizenship does not exist and no other ground of federal jurisdiction is shown." (Italics mine).

The government of the Republic of Hawaii signified its consent in the manner provided by its Constitution, to cede absolutely and without reserve to the United States of America all rights of sovereignty, and to transfer to the United States the absolute fee and ownership of all public property of every kind and description, which cession was accepted by a Joint Resolution of the Senate and House of Representatives, approved by the President of the United States July 7, 1898, 30 Stat. 750, and pursuant thereto, the President appointed five Commissioners to recommend to the Congress of the United States such legislation concerning the Hawaiian Islands as they should deem necessary and proper.

Thereafter the Congress of the United States approved of the Organic Act to provide a government for the Territory of Hawaii, U. S. Statutes at large, 56th Congress, 1st Session, Chap. 339, Act April 30, 1900, 48 U.S.C.A. § 491 et seq.*

That Act provided that the President shall nominate and, by and with the advice and consent of the Senate, appoint the chief justice and justices of the Supreme Court, and the judges of the Circuit Courts, who shall hold their respective offices for the term of four years, unless sooner removed by the President; that the judicial power shall be vested in one Supreme Court, Circuit Courts, and such inferior courts as the legislature may from time to time establish. It also created a federal court in the Territory consisting of two district judges, and provided that appeals from said

*See also Revised Laws of Hawaii 1935.

court should be taken to the United States Circuit Court of Appeals Ninth Circuit.

It seems clear that the Circuit Court of Hawaii is a Federal Court, of which there are two kinds, (a) Constitutional Courts, established under Article 3 of the United States Constitution, and (b) Legislative Courts.

It was long since determined in Benner v. Porter, 9 How. 235, 50 U.S. 235, 13 L.Ed. 119, that the distinction between Federal and State jurisdiction under the Constitution of the United States has no foundation in our Territorial governments. The Court said: "They are legislative governments, and their courts legislative courts, Congress, in the exercise of its powers in the organization and government of the Territories, combining the powers of both the Federal and State authorities."

On its face the application filed in this court upon which Judge Rifkind appointed an ancillary receiver was for no other purpose than, and it is inconceivable to this court, that any other means could have been taken, to conserve the assets of the copartnership involved in that litigation in this jurisdiction, the administration of which all of the parties concerned have consented to in the pending action in the Circuit Court of Honolulu.

However, since the decision of the U. S. Supreme Court in Mitchell v. Maurer, supra, 1934, Senior Circuit Judge L. Hand, in the case of Goldman v. Staten Island Nat. Bank & Trust Co., 2 Cir., 98 F.2d 496, 497, writing for that court said: "As to the point of jurisdiction, it is abundantly settled that receivers appointed under a creditors' bill may file ancillary suits in the district court to collect the assets of the corporation, and that the court's substantive jurisdiction is independent of the diversity of citizenship between the parties. (Citing cases). It is true that in all these cases the receivers were suing in the right of the corporation, while here they base their cause of suit upon a transaction of their own; but there can be no distinction in that, for in both situations any recovery becomes part of the corporate assets and is a step in their collection, which is the only purpose of the creditors' bill. In the only

case we have found on the point, it was so ruled. Wilson v. Kansas City P. & L. Co., D.C.Mo., 300 F. 185."

Motion denied. Settle order on notice.