### MENASHE v. SUTTON et al.

United States District Court
S. D. New York.
May 10, 1950.

Ferris & Adams, New York City, for plaintiff.

Samuel Hochstein, New York City, Mordecai Konowitz, New York City, of counsel, for defendants.

RIFKIND, District Judge.

"This tangled case" continues to snag as it ravels. U. S. ex rel. Sutton v. Mulcahy, 2 Cir., 1948, 169 F.2d 94, 96. It has already received considerable judicial attention. See Menashe v. Sutton, D.C. S.D.N.Y.1947, 71 F.Supp. 103; U. S. ex rel. Sutton v. Mulcahy, supra. Several other motions in this action are now pending before other judges.

The present motion by the defendants seeks to undercut all that has been done. Its object is to set aside a judgment made on July 18, 1947, appointing I. B. Oseas as receiver of the partnership assets of Menashe and Sutton in this jurisdiction, ancillary to a proceeding pending in the Circuit Court of Hawaii. The theory of the motion is that the judgment was void *ab initio*. Two grounds are given: (1) the court was without jurisdiction to make the judgment because there was no diversity of citizenship between the parties; and (2) the judgment as well as the order which appointed the temporary receiver were procured by fraud on the court, the fraud consisting of plaintiff's assertion that defendants were residents of the Territory of Hawaii.

The defendants' brief asserts that the plaintiff was a resident and citizen of New York and that the defendants were likewise residents and citizens of New York. It further declares that the plaintiff concedes these propositions and that they are not in dispute. But nowhere in the papers do I find a concession by the plaintiff as to the New York citizenship or residency of defendants.

At this point I *assume* that the complaint adequately alleged that plaintiff was a citizen of New York and that defendants were citizens of the Territory of Hawaii. I make this assumption because down to the moment when the defendants filed their supplemental memorandum on this motion, all the parties so regarded the complaint. See, for instance, footnote 1 on page 95 of 169 F.2d of U. S. ex rel. Sutton v. Mulcahy, supra, where Judge Swan says of the complaint: "Thus there was diversity of citizenship under 28 U.S.C.A. § 41(1) [1948 Revised Judicial Code, 28 U.S.C.A. § 1332], if the 1940 amendment is valid."

The 1940 amendment, which in effect defined a "state" for purpose of diversity jurisdiction to include the District of Columbia and the Territories, has since been upheld by the Supreme Court in so far as the District is concerned. National Mutual Insurance Company v. Tidewater Transfer Co., Inc., 1949, 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556. I shall assume it also valid for Territories since the defendants do not any longer challenge the validity of the amendment.

It was evidently under the assumption that the complaint adequately alleged diversity of citizenship that the defendants filed answers wherein they denied the existence of diversity and alleged that they were citizens of New York. These answers were withdrawn and the defendants moved for entry of judgment over the opposition of the plaintiff. By withdrawing their answers and moving for judgment the defendants have admitted the fact of diversity of citizenship, the allegation of which they, and every one else, assumed was in the complaint.

It now appears for the first time that defendants would disturb this assumption. In their supplemental memorandum on this motion they call attention to the language of the complaint and point out that in fact it is not therein alleged that plaintiff is a citizen of New York and that defendants are citizens of Hawaii, but merely that the parties are "residents and inhabitants" of New York and Hawaii respectively.

However, this failure to allege citizenship is not a fatal defect. Quite evi-

dently it is a mere oversight of which neither party nor any of the several judges who have considered the pleadings has taken note. Every one concerned assumed, with the cooperation of the defendants, that the complaint alleged diversity within the terms of the statute. The only issue tendered was to the fact but not to the adequacy of the allegation. Under such circumstances, I believe that the complaint may be corrected *nunc pro tunc.* 28 U.S. C.A. § 1653. Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F.2d 815, 818. Cf. Chesapeake & O. Ry. Co. v. Coffey, 4 Cir., 1930, 37 F.2d 320, 323, certiorari denied 281 U.S. 749, 50 S.Ct. 353, 74 L.Ed. 1160. This constitutes no injustice to the defendant in view of the fact that even in the very memorandum in support of the present motion defendants refer to the complaint as alleging both residence and citizenship. The complaint so corrected *nunc pro tunc* supports subject matter jurisdiction and renders the language of the complaint compatible with the conclusion already reached that the fact of diversity has been conceded. I conclude that the judgment is not void for want of jurisdiction.

█ Moreover, since this is a motion under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and not an independent action, the "reasonable time" requirement applies. Twenty-eight months elapsed between the judgment and this effort to undo it. In the intervening period many actions have been taken on the strength of the judgment. All things considered, I do not regard this motion as timely.

█ The second ground upon which the judgment is attacked is that it is void because of fraud upon the court. If the moving papers disclose any fraud on the court it is a fraud in which the defendants were the principal, if not the sole, participants. After all it was the defendants who knew whereof they were citizens. They were in a position to tender the court the information which would enable the court to pass on the question of diversity. They tendered the issue and then withdrew it. The withdrawal of their answers was, of course, an admission that the facts as stated in the complaint were true. Thereupon it was not the plaintiffs but the defendants who insisted on the making of the judgment. How the plaintiffs can be said to be guilty of a fraud under those circumstances is somewhat beyond me. Some evidentiary facts have been submitted in the defendants' affidavit which if presented to a trial court might have led to a finding that the defendants were not citizens of Hawaii, but there is nothing overwhelming about this evidence and what the finding would have been is now impossible to forecast. This was an issue which the defendants could have tendered, which they did tender and which, after reflection, for reasons sufficient to themselves, they withdrew. On a motion wherein the fact must be decided on affidavits I see no genuine choice but to deny the defendants' claim of fraud and to refuse their application to set aside the judgment on the ground of "fraud upon the court" under Rule 60(b).

If this motion is really addressed not to fraud on the court but to ordinary fraud, the motion should have been made within a period of one year, under Rule 60(b). The defendants have denominated it a fraud on the court. Whether it really amounts to that is a question which requires no resolution on this application.

I intimate no opinion as to the right of the defendants to institute an independent action to be relieved of or to set aside the judgment.