## CERTAIN-TEED PRODUCTS CORP. v. TOPPING.

United States District Court
S. D. New York.
Jan. 7, 1952.

Root, Ballantine, Harlan, Bushby & Palmer, New York City (William J. Butler, New York City, of counsel), for plaintiff.

John A. Topping in pro. per.

LEIBELL, District Judge.

Defendant moves for an order vacating or modifying the final decree entered herein on September 20, 1949. This motion seems to have been prompted by the fact that when defendant was recently before Judge Ryan on a motion to punish him for contempt of court he was, in effect, told by the Judge that as long as the decree remained unmodified defendant would be required to obey it or face the consequences.

The entry of the decree in question was the result of the settlement of a number of suits in which the plaintiff or its president and the defendant were parties on one side or the other. A history of these litigations and the terms of the over-all settlement are set forth in the affidavit of Herbert W. Hirsch, an attorney for Certain-Teed Products Corporation, who is thoroughly familiar with these suits and in fact was a party to one of them. Annexed to his affidavit is a photostat of a letter dated August 1, 1949, addressed by William J. Friedman of Gottlieb, Schwartz & Friedman, attorney for Hirsch, to Meyer Abrams, now deceased, who represented John A. Topping in litigation in the United States District Court for the Northern District of Illinois. That letter listed the various suits and set forth the terms of settlement. At the foot of the letter there appears over the signature of John A. Topping a memorandum to Mr. Abrams, dated 8/3/49, as follows: "You are hereby authorized to settle the foregoing matters according to these terms".

Also annexed to Mr. Hirsch's affidavit is a copy of an order dated September 12, 1949 signed by Judge Campbell of the United States District Court for the Northern District of Illinois, Eastern Division, which recited the terms on which that action "and other litigation between the parties and between Rawson G. Lizars, president of Certain-Teed Products Corporation, and plaintiff" were to be disposed of. The recitals in Judge Campbell's order, which were consented to by Topping's attorneys in the various actions, contained the following: "(b) A decree to be entered in the case of Certain-Teed Products Corporation v. Topping, filed in the United States District Court for the Southern District of New York on April 13, 1945, perpetually enjoining plaintiff from communicating with the stockholders, operating employees, sales representatives, customers, suppliers, patent licensors, and competitors of defendant Certain-Teed Products Corporation with reference to any matter relating to the internal business or management of said company".

Subsequently a decree to that effect was entered in this action in this court. John A. Topping, his Chicago attorney, Meyer Abrams, and his New York attorney, Mr. Schwartz (a former partner of Joseph Nemerov, now deceased), all signed a consent to the entry of the final decree.

The valuable consideration, running to Mr. Topping in the overall settlement, is described by Mr. Hirsch as follows:

"(a) $10,000 in the shape of Mr. Abrams' expenses and compensation, for which Topping would otherwise have been responsible.

"(b) Release from liability of all or part of the Master's compensation and expenses in the Illinois litigation which, in fact, amounted to $3,500 for compensation and $821.80 for expenses.

"(c) Release from the very real danger of heavy judgments in three libel suits.

"(d) The return to Topping of the $5,000 he had been required to post for relief from confinement in the Vermont action.

"(e) Relief from the necessity of accounting to the plaintiff for $5,000 under a judgment requiring him to do so.

"(f) The return to Topping of the proceeds of sale of 100 shares of common stock of the plaintiff which Topping had been required to post in the Illinois suit as security for costs."

Mr. Topping in his present motion, makes no offer to return the consideration which he received, but he asks to be relieved of compliance with the final decree herein or for a modification of its provisions in such a fashion as would enable him to do many of the things which he is

**408**

barred from doing by the consent decree herein. The plaintiff corporation in making the settlement was purchasing security from the annoyance and harm which it had sustained as a result of Topping's communications to its stockholders, customers, etc. concerning the affairs of the corporation.

Mr. Topping claims the decree should be vacated "for the best interests of the stockholders" because it prevents him from informing them of frauds committed against the corporation, or if the court will not vacate the decree that it be modified to set forth the names and addresses of stockholders and others with whom he was not to communicate, and that the term "internal affairs" of the corporation, should be defined.

█ The alleged fraud on the corporation is a reassertion of the charges involved in the Chicago litigation, which was settled and which was dismissed with the approval of Mr. Topping's attorneys. The term "internal affairs" of the corporation is sufficiently definite. If he has any doubts about its meaning he should communicate with his former attorney in this matter. To give Mr. Topping a list of the stockholders and others mentioned in the decree would only enable him to more easily violate its terms.

█ There is no basis whatsoever for the charge made by the defendant, Topping, that the settlement was fraudulent. The settlement was entered into with the advice and approval of Mr. Topping's lawyers, and he, himself, consented to its terms. The consideration which passed to him on the settlement did not come solely from the corporation. Certain individuals whom he had attacked and who had sued him for libel, gave up their claims. Furthermore, the suggestion for settlement originated with his attorneys, not with the attorneys for the corporation.

█ The above has been a discussion of the merits of this application. As to the law—the application is not timely made under Rule 60(b), Fed.Rules Civ.Proc. 28 U.S.C.A. The decree herein was entered September 20, 1949. Assuming that this

is an application to vacate the final decree because of some "fraud, misrepresentation, or other misconduct of an adverse party", such a motion must be made "not more than one year after the judgment * * * was entered". And the time to make the motion may not be enlarged under Rule 6(b). Wallace v. United States, 2 Cir., 142 F.2d 240; Menashe v. Sutton, D.C., 90 F.Supp. 531.

The motion of the defendant, John A. Topping, is in all respects denied. Settle an order accordingly.