Joseph PORCELLI, Plaintiff,

v.

**JOSEPH SCHLITZ BREWING COMPANY, a corporation, William T. Timpone and Thomas R. Roupas, Defendants.**

Civ. A. No. 72–C–238.

United States District Court,
E. D. Wisconsin.

April 19, 1978.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

John S. Skilton, Milwaukee, Wis., for defendants; Foley & Lardner, Milwaukee, Wis., of counsel.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On August 13, 1975, this Court granted summary judgment in this action for the defendants. On February 24, 1976, the Court of Appeals for the Seventh Circuit adopted by reference the decision of the district court, and on March 15, 1977, the Court of Appeals denied plaintiff's motion for relief from judgment but granted plaintiff leave to apply to the district court for such relief as might be available there. Plaintiff has now moved this Court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for an order setting aside the order entered in this action by the Court of Appeals on February 24, 1976, for fraud upon the court or, in the alternative, for an order directing further depositions of the defendants by the plaintiff for purposes of determining whether or not there has been fraud or misrepresentation by the defendants or witnesses on their behalf constituting fraud upon the court. For the reasons hereinafter stated, plaintiff's motion will be denied.

A motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from a court order should be addressed to the court which entered the order. *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807 (7th Cir. 1969); *United States ex rel. Aigner v. Shaughnessy*, 175 F.2d 211 (2d Cir. 1949); 7 Moore's Federal Practice ¶ 60.33, at 506 (2d ed. 1975). Plaintiff has moved for relief from the order entered in this action on February 24, 1976, which order was entered by the Court of Appeals for the Seventh Circuit, and therefore this court is not the proper forum in which to bring the motion.

Even assuming that plaintiff had moved for relief from the final order of this Court entered on August 13, 1975, he is not entitled to such relief. Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may set aside a judgment for fraud upon the court. As stated in *Kenner v. Commissioner of Internal Revenue*, 387 F.2d 689, 691 (7th Cir. 1968), quoting 7 Moore's Federal Practice ¶ 60.33, at 512 (2d ed. 1975):

" 'Fraud upon the court' should, we believe, embrace only that species of fraud which does, [sic] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial

machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."

Thus, courts have found fraud upon the court only where there is a showing of egregious conduct involving corruption of the judicial process, e. g., bribery of a judge or involvement of an attorney in perpetrating the fraud. *Lockwood v. Bowles*, 46 F.R.D. 625 (D.D.C.1969); *United States v. International Telephone & Telegraph Corp.*, 349 F.Supp. 22 (D.Conn.1972), aff'd sub nom. *Nader v. United States*, 410 U.S. 919, 93 S.Ct. 1363, 35 L.Ed.2d 582 (1973).

■■ Plaintiff herein claims that events subsequent to the entry of final judgment by this court raise the probability that two of the defendants and two of the defendants' witnesses furnished false testimony at their depositions, on which the court subsequently relied in part in granting defendants' motion for summary judgment. Even assuming this to have been the case, perjury by witnesses does not constitute fraud upon the court. *Lockwood v. Bowles*, supra; *Armour Company v. Nard*, 56 F.R.D. 610 (D.C.Iowa 1972). Plaintiff's reliance on *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), is misplaced, for in that case the Court found conclusive evidence that the respondent, with the aid of its attorneys, had perpetrated "a deliberately planned and carefully executed scheme to defraud" the Court of Appeals. The Court also stated at 245, 64 S.Ct. at 1001:

" * * * This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury. * * * "

See also 7 Moore's Federal Practice ¶ 60.33, at 513 (2d ed. 1975), stressing the participation of attorneys in *Hazel-Atlas* in perpetrating the fraud, and at 515, where it states:

" * * * Fraud *inter partes*, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the independent action."

■■ Finally, one seeking to impeach an order of a court bears a heavy burden of particularized pleading and must offer to prove specific facts impugning the official record. *Kenner v. Commissioner of Internal Revenue*, supra; *Chicago Title & Trust Co. v. Fox Theatres Corp.*, 182 F.Supp. 18, 31 (S.D.N.Y.1960). He must also satisfy the Court that he has substantial evidence of fraud which was not obtainable by due diligence prior to the time of entry of the order. *Nichols v. Alker*, 235 F.2d 246 (2d Cir. 1956). The plaintiff herein, relying on a newspaper article published in the Milwaukee Journal on December 16, 1976, has alleged that "it is likely" that the defendants gave false testimony in their depositions. He also states that without the aid of a court order, he is powerless to conduct any further investigation of the defendants' alleged fraudulent conduct. However, he has made no showing in explanation of his failure to obtain the evidence which he now claims he *may* be able to obtain by way of further depositions prior to the Court's determination of the summary judgment motion. Under the circumstances, the Court is of the opinion that plaintiff has not met his initial burden in moving for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

IT IS ORDERED that the motion of the plaintiff Joseph Porcelli for an order setting aside the order entered in this action on February 24, 1976, or for an order directing further depositions of the defendants be and it hereby is denied.