Linda GONZALEZ, Plaintiff,

v.

GANNETT SATELLITE INFORMATION NETWORK, INC., d/b/a Binghamton Press Company; and Jan Sprawls, as an Agent and Employees of Gannett Satellite Information Network, Inc., Defendants.

No. 93–CV–625.

United States District Court, N.D. New York.

Nov. 2, 1995.

Linda Gonzalez, Binghamton, New York, pro se.

Nixon, Hargrave Law Firm, Rochester, New York, (Eugene D. Ulterino, of counsel), and Pearis, Resseguie Law Firm, Binghamton, New York (Stuart M. Pearis, of counsel), for Defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. INTRODUCTION

**Plaintiff Linda Gonzalez** commenced this action by filing a complaint on May 14, 1993; she amended the Complaint on May 26, 1994. Plaintiff alleged that her employer, **defendant Gannett Satellite Information Network, Inc. d/b/a Binghamton Press Co. ("Press"),** and a supervisor, **defendant Jan Sprawls,** discriminated against her because of her disability, sex, and race. In a decision issued from the bench following oral arguments on May 26, 1995, the Court granted defendants' motion for summary judgment. Plaintiff now moves for relief from the judgment pursuant to Fed.R.Civ.P. 60(b).

### II. BACKGROUND

Plaintiff based her causes of action on the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Article 15 of the Human Rights Law of New York ("Article 15"). Within her Tile VII charge, plaintiff alleged sexual harassment, disparate treatment, retaliatory discharge, and wage discrimination.

In its May 26, 1995, decision the Court ruled that, in regard to the ADA claim, plain-

tiff had failed to establish that she could perform the essential functions of her position even with reasonable accommodations. Furthermore, not only were plaintiff's Title VII sexual harassment and disparate treatment claims time-barred, but plaintiff produced, in the Court's view, no evidence that her discharge was retaliatory or that defendants' proffered reason for the wage disparity was pretextual. Finally, because all of plaintiff's federal claims were dismissed, the Court declined to exercise supplemental pendent jurisdiction over plaintiff's state law cause of action.

On her motion for relief from the judgment, plaintiff's primary allegation is that defendants have perpetrated fraud on the Court by, *inter alia,* withholding and destroying evidence, committing perjury, bribery, and forgery, failing to disclose vital information, and altering transcripts. Plaintiff also argues that her legal representation was inadequate and that defendants and their counsel have "mock[ed] their profession, the courts, and the rights of victims protected by Title VII." (Pl.'s Mem.Supp. Relief J. at 24.) Several of plaintiff's allegations are based on what she characterizes as "newly discovered evidence"—acts undertaken by defendants after summary judgment was granted that prove the extent of their fraud on the Court.

## III. DISCUSSION

■ Although plaintiff characterizes her motion as one for reconsideration, the time that has passed since summary judgment was granted dictates that the motion be treated as one for relief from judgment under Fed.R.Civ.P. 60. A motion made pursuant to Rule 60 must adhere to stringent standards, because relief from judgment is limited to the six grounds specified in the rule:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepre-

sentation, or other conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d Cir.1987). *See also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2857 (1995).

■ All Rule 60(b) motions must be made within a reasonable time. *See* Fed.R.Civ.P. 60(b). Moreover, courts typically require that the evidence in support of the motion for relief be "highly convincing," that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties. *See United States v. Cirami,* 563 F.2d 26, 33 (2d Cir.1977); 11 Wright, Miller & Kane at § 2857. Finally, Rule 60 determinations are committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *See Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

■ Plaintiff here seeks relief from judgment based on subparts (1), (2), (3), and (6) of Rule 60(b), which generally provide for relief because of "mistake," "newly discovered evidence," "fraud," and any "other" justifiable reason, respectively. However, subpart (6) is properly invoked only "where there are extraordinary circumstances[,] where the judgment may work an extreme and undue hardship," *DeWeerth v. Baldinger,* 38 F.3d 1266, 1272 (2d Cir.1994), and where the asserted grounds for relief "are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker,* 793 F.2d 58, 63 (2d Cir.1986). *See also Matarese v. LeFevre,* 801 F.2d 98, 107 (2d Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). The Court finds that all of plaintiff's asserted grounds are covered by subparts other than subpart (6). The Court will focus, therefore, on plaintiff's subpart (1), (2), and (3) argu-

ments, which revolve around the fraud plaintiff believes defendants have perpetrated on the Court and her alleged ineffective assistance of counsel.

### A. RULE 60(b)(1)

■ Among her claims, plaintiff argues that she "should not be punished for inadequate representation." (Pl.'s Mem.Supp Relief J. at 24.) Plaintiff fails to state explicitly in her Memorandum the basis for her allegation that she was inadequately represented. However, the Court will infer that the claim is based on allegations in her affidavit and reply letter that her attorney sometimes acted "without [her] knowledge," and that she was never entitled to counsel of her choice because "she had no money." (Pl.'s Aff. at 2; Reply letter to Court of 10/26/95 at 6.) Plaintiff apparently went to seven different law firms before finding one that would take the case on contingency.

■ Relief from counsel's errors "normally is sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence, or excusable neglect." *Nemaizer,* 793 F.2d at 62. Yet even had plaintiff submitted "highly convincing" evidence that her attorney acted improperly, which she has not, the Court finds that the failures alleged are not so extraordinary that they warrant disturbing a final judgment. *See Cirami,* 563 F.2d at 33. Generally, "a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Nemaizer,* 793 F.2d at 62; *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Plaintiff may have had some difficulty in procuring counsel, but there is no reason to believe that her selection was so restricted that she was unable to exercise some discretion.

### B. RULE 60(b)(2)

■ Plaintiff also argues that several actions allegedly undertaken by defendants since summary judgment was granted represent "newly discovered evidence" that the Court must consider in a new trial. Under Rule 60(b)(2), however, "newly discovered evidence" only refers to evidence of facts in existence at the time of judgment of which the aggrieved party was excusably ignorant. *See Ryan v. United States Lines Co.,* 303 F.2d 430, 434 (2d Cir.1962); *Rivera v. M/T Fossarina,* 840 F.2d 152, 156 (1st Cir.1988). Consequently, to the extent plaintiff bases her motion for relief on events occurring after May 26, 1995, the motion must be denied.

### C. RULE 60(b)(3)

■ Plaintiff finally alleges that defendants deliberately destroyed, altered, or failed to produce certain transcripts and discoverable documents and that they committed perjury, bribery, and forgery in order to win summary judgment. The burden of proving such fraud is, of course, upon plaintiff. Furthermore, fraud is not to be presumed but must ordinarily be proven by clear and convincing evidence—in other words, "highly convincing" evidence. *See Clarkson Co. v. Shaheen,* 544 F.2d 624, at 631 (2d Cir.1976); 11 Wright, Miller & Kane at § 2860. Finally, the fraud "must have prevented the moving party from fully and fairly presenting [her] case [and] must be chargeable to an adverse party." 11 Wright, Miller & Kane at § 2860.

The Court will deny plaintiff motion pursuant to Rule 60(b)(3) for two reasons. First, while plaintiff has satisfied the explicit requirement that her motion for relief be filed within one year of judgment, Fed.R.Civ.P. 60(b), she has not shown the Court good reason for her failure to take appropriate action sooner. It is well-settled that courts have been "unyielding" in requiring such a showing. 11 Wright, Miller & Kane at § 2857; *Kotlicky,* 817 F.2d at 9. Plaintiff apparently was aware, well before summary judgment was granted, of the existence and contents of all the documents that she claims were withheld or destroyed. She also most likely was aware of the acts that she alleges constitute perjury, bribery, and forgery before the judgment. Yet despite this knowledge, plaintiff failed to raise any of her claims at the time summary judgment was decided, and now raises them only four-and-a-half months later.

Second, plaintiff essentially is arguing that defendants "have improperly influenced this Court in its decision by a preordinated, cunning, unconscionable plan or scheme of defense based upon a great deal of misrepresentations and misconducts," much like the plaintiff in *Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966), *cert. denied*, 387 U.S. 933, 87 S.Ct. 2055, 18 L.Ed.2d 994 (1967). But as was the case in *Mastini*, the Court finds that plaintiff here is attempting, to a considerable extent, to use her motion for relief from judgment to relitigate the merits of her claims of discrimination. In addition, her allegations of fraud, like those of the plaintiff in *Mastini*, have not been sufficiently substantiated with clear and convincing evidence. Plaintiff's claims consequently are not so "extraordinary" as to warrant overturning a final judgment.

## IV. CONCLUSION

The Court has balanced the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality. For the foregoing reasons, plaintiff is not entitled to relief from the Court's May 26, 1995, decision granting summary judgment in favor of defendants.

**IT IS SO ORDERED.**