**In re Burma Jean MARTIN.**

No. 95–42745 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 2, 2001.

Burma Jean Martin, Little Rock, AR, pro se.

## ORDER DENYING MOTION FOR RELIEF and DENYING EMERGENCY MOTION FOR INJUNCTION

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's "Motion for Relief and Recon-

sideration of this Court's 3–13–98 Order" filed on September 21, 2001.

Burma Jean Martin filed a chapter 7 petition in bankruptcy on September 20, 1995, at which time all of her property and rights to property became property of the bankruptcy estate, 11 U.S.C. § 541(a), including a lawsuit then pending against her former attorney, Brian P. Sanford. During the pendency of the case, the chapter 7 trustee settled this lawsuit with the attorney and, on November 7, 1996, filed an application to compromise the lawsuit. The debtor's parents filed a response and the debtor filed an objection to the application. The matters were set for hearing and, after at least one continuance, was heard on April 17, 1997. On March 13, 1998, the court entered an order granting the application to compromise.[1] The chapter 7 case was closed on October 7, 1999.[2]

Now, well over three years after the order was entered and two years after the case was closed, the debtor has filed a motion for relief from the Order of March 13, 1998, stating only that the debtor's signature on a 1996 settlement was fraudulently obtained by the chapter 7 trustee and Sanford.[3] The motion also references a 1998 settlement agreement agreed to by debtor's parents. Although the motion references an Exhibit 1, there is no exhibit 1 attached to either the original or the court copy of the motion. Thus, the Court has before it only a request that an order

---

1. It may be that the delay between the hearing and entry of the order was occasioned by the debtor's appeal of a related motion which had also been heard on April 17, 1997. The record is not clear, however, inasmuch as the file has long been closed and placed in an archive facility. Accordingly, the Court does not have the benefit of the official Court file. The paucity of information is exacerbated by the brevity of the debtor's factual statements.

2. The debtor did not receive a discharge. 11 U.S.C. § 727(a).

3. The debtor failed to file a motion to reopen the case, causing some confusion in the clerk's office because, as a general rule, the clerk is not permitted to file documents in a closed case. In order to conclude this matter, the court will treat the motion as containing a request to reopen the case.

be set aside, made upon the bare allegations that the order is void due to extrinsic fraud. The following business day, the debtor filed a document entitled "Emergency Motion for Injunction of the Court's 3–13–98 Order." This document provides information that the Sanford is executing upon property of the debtor in order to collect funds he is owed, apparently, as reflected in the 3–13–98 order.

Presumably, the motion for relief from the order is made pursuant to Rule 9024, Federal Rules of Bankruptcy Procedure, which incorporates Rule 60, Federal Rules of Civil Procedure. Further, the debtor's reference to "fraud upon the court" and the lack of a statute of limitations indicates that she proceeds under the "catch-all" provision, Rule 60(b)(6). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The *motion shall be made within a rea*sonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.* * * *

The court does not believe that the debtor has made sufficient allegations of fraud to even permit a hearing on the matter. It is well settled that allegations of fraud must be made with specificity or a request for relief is subject to dismissal. Fed. R. Bankr.P. 9009. A party seeking to void an order of a court based upon fraud must offer specific facts, *i.e.,* provide a "a particularized pleading impugning the official record." *Porcelli v. Joseph Schlitz Brewing Co.,* 78 F.R.D. 499, 501 (E.D.Wis. 1978). Only after the movant states a "colorable claim of fraud" need the court exercise its discretion to permit preliminary discovery and evidentiary proceedings. *Pearson v. First NH Mortgage Corp.,* 200 F.3d 30, 35 (1st Cir.1999); *see Marks v. Shell Oil Co.,* 895 F.2d 1128 (6th Cir.1990)(party must allege what specific conduct resulted in undue influence). In any event, giving the debtor's assertions the most liberal interpretation, she fails to state a claim for which relief may be granted. *Compare Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 703 (2d Cir.1972)("In any event, the complaint in relevant respects contains nothing more than naked assertions. . . . Thus, even taking into account the liberality with which *pro se* civil rights complaints must be construed, this complaint is wholly insufficient to state a claim upon which relief can be granted.").

As best as can be discerned from the debtor's statements, the trustee and Sanford represented that the compromise settlement was a true and accurate settlement among the parties. Although the implication is that the debtor believes this to be false, the motion does not state why she believes this to be false, in what manner it was false, that she in any manner relied upon the representation, that she was injured as a result of the misrepresentation, or how she was injured. Accordingly, the motion fails in any respect to state grounds for setting aside the order

approving the settlement and is subject to denial.

■ Moreover, while a court may, within its equitable powers, set aside a consent decree, it does so only upon a showing that new and unforeseen conditions have produced "such extreme and unexpected hardship that the decree is oppressive." *United States v. City of Fort Smith,* 760 F.2d 231, 233 (8th Cir.1985). The allegations of the debtor's motion indicate nothing of the kind. Indeed, her allegations are so sparse that the Court cannot even discern the factual basis for seeking to set aside the decree. The bare statement that fraud occurred is, as a matter of law, insufficient.

■ The only item of any specificity in the motion is the debtor's assertion that the fraud was "fraud upon the court"[4] because "attorney Sanford and Trustee Cox fraudulently represented that the *1996 Compromise Settlement* was the true and accurate settlement between the parties." Fraud upon the court embraces "that species of fraud which does, or attempt to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Porcelli v. Joseph Schlitz Brewing Co.,* 78 F.R.D. 499, 500–01 (E.D.Wis.1978)(quoting *Moore's Federal Practice* ¶ 60.33 (2d ed.1975)). *See generally In re Genesys Data Technologies, Inc.,* 204 F.3d 124, 130 (4th Cir.2000). Thus, fraud upon the court involves acts such as bribery of a judge, jury tampering, or the involvement of an attorney in perpetrating the fraud. It does not involve, for example, false testimony, even if relied upon the court. *Porcelli,* 78 F.R.D. at 501.

■ The allegation of fraud made in the motion does not, as a matter of law, constitute fraud upon the court. The implication in the motion appears to be that some statement of fact was made to the debtor regarding the settlement which, debtor now believes, was a false statement. Such is the classic definition of fraud, as referenced in Rule 60(b)(3), not fraud upon the court. *See Serzysko v. Chase Manhattan Bank,* 461 F.2d 699 (2d Cir.1972).[5] Since it is well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or even upon perjured evidence, *United States v. Throckmorton,* 87 U.S. (8 Otto) 61, 66 (1878); *In re Genesys Data Technologies, Inc.,* 204 F.3d at 130–31, the debtor has not demonstrated that fraud upon the Court exists warranting relief from the order.

■ Of import is the fact that the debtor has made no explanation for her extreme delay in bringing this motion. The order she seeks to set aside was entered over three and one-half years ago, and this bankruptcy case has been closed for two years. While it is true that the one year limitation in Rule 60(b) applies only to the forms of excuse listed in paragraphs (1), (2) and (3), and there is no strict time limitation for motions brought pursuant to Rule 60(b)(6), the motion must be made within a reasonable time. *Menashe v. Sutton,* 90 F.Supp. 531 (S.D.N.Y.1950). Thus, even if fraud upon the court is the true grounds for relief from the order, the motion is untimely.

---

4. Of course, if the debtor is merely invoking Rule 60(b)(3), her argument is out of time and, thus, not subject to consideration by this Court.

5. The provisions of Rule 60(b) are mutually exclusive. Thus, if the fraud provisions of paragraph (3) apply, the extraordinary relief provision of paragraph (6) may not be invoked. *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *In re Norris,* 228 B.R. 27 (Bankr.M.D.Fla.1998).

In order to make any showing for the extraordinary relief of setting aside the March 1998 order, the debtor must demonstrate a good reason for her inaction. *Gonzalez v. Gannett Satellite Information Network, Inc.*, 903 F.Supp. 329 (N.D.N.Y. 1995). *See Porcelli v. Joseph Schlitz Brewing Co.*, 78 F.R.D. 499, 501 (E.D.Wis. 1978)("He must also satisfy the Court that he has substantial evidence of fraud which was not obtainable by due diligence prior to the time of entry of the order."). This requirement exists even if the motion is filed within the one year limitations period of Rule 60(b)(3). The debtor was aware of the settlement of the Sanford litigation, had objected to it, but makes no reference to any new circumstances that would warrant reexamination of the issues. Finally, it is also noteworthy that the debtor delayed in making this motion until such time as a party began collection action against debtor's property. *Compare Fleet v. United States Consumer Council, Inc.*, 70 B.R. 845, 851 (E.D.Pa.1987)(three month delay in filing motion which was filed only in response to motion to proceeding against property of the judgment debtor is not filed within a reasonable time.).

■ The debtor's emergency motion for an injunction is similarly without merit. The only assertions she makes in addition to those found in the motion for reconsideration are that Sanford is attempting to execute on personal property and that he will not be harmed if an injunction is granted. The debtor has not addressed each of the elements necessary to obtain an injunction.[6] The court need not address either the failure to plead these issues or the merits of the request, however, because the emergency motion is improper for another, more basic, reason involving notions of due process. In order to ensure that due process and property rights are preserved, Rule 7001, Federal Rules of Bankruptcy Procedure, establishes a list of proceedings which may only be commenced by the filing of an adversary proceeding. Rule 7001(7) requires that a request to obtain an injunction, or other equitable relief be filed as an adversary proceeding. Thus, the debtor must file a complaint, provide for issuance of a summons, and thereafter serve the summons and complaint pursuant to Rule 7004. Since, the debtor may not obtain an injunction by motion, the motion must be denied.

Based upon the foregoing, it is

**ORDERED** as follows:

1. The Motion for Relief and Reconsideration of this Court's 3–13–98 Order shall be treated as containing a request that the chapter 7 case be reopened "to accord relief to the debtor, or for other cause," 11 U.S.C. § 350(b), and the clerk may reopen the case in order to file the debtor's Motion for Relief as well as the debtor's Emergency Motion for Injunction.

2. The Motion for Relief and Reconsideration of this Court's 3–13–98 Order, filed on September 21, 2001, is denied.

3. The debtor's Emergency Motion for Injunction of this Court's 3–13–98 Order, filed on September 24, 2001, is denied.

**IT IS SO ORDERED.**

---

**6.** In order to obtain an injunction or even a temporary restraining order, the party requesting relief must plead and prove four factors: (1) the threat of irreparable harm to the movant; (2) the balance between the potential harm and any harm that granting the injunction will cause to other parties to the litigation; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *See Nat'l Credit Union Admin. Board v. Johnson*, 133 F.3d 1097 (8th Cir.1998).