Willie SMITH and Lonnie Payne,
Plaintiffs,

v.

Carl D. MOSIER, Glenn Squier and
Robert B. Dool, Defendants.

Civ. A. No. 2779.

United States District Court
W. D. Michigan, S. D.

Jan. 14, 1957.

Willie Smith and Lonnie Payne, in pro. per.

Alexander, Cholette, Buchanan, Perkins & Conklin and Paul E. Cholette, Grand Rapids, Mich., for defendants.

STARR, Chief Judge.

In October, 1953, the plaintiffs, upon trial before the defendant the Honorable Carl D. Mosier, circuit judge of Cass county, Michigan, in which they were represented by court-appointed counsel, were convicted of the crime of assault and robbery while armed. Each plaintiff was sentenced by Judge Mosier to a prison term of 20 to 40 years. Comp. Laws Mich.1948, § 750.89.

While serving their sentences in the State prison of southern Michigan, plaintiffs began and prosecuted in forma pau-

peris this civil action for money damages in the amount of $350,000 against Judge Mosier; Glenn Squier, former prosecuting attorney of Cass county; and Robert B. Dool, former deputy sheriff of Cass county. They based jurisdiction of their action on 28 U.S.C. § 1343, and based their claim for damages on the Federal civil rights statutes, 42 U.S.C.A. §§ 1983 and 1985 (formerly 8 U.S.C. §§ 43 and 47), and also upon 18 U.S.C. §§ 241 and 242. In their complaint, apparently prepared without the aid of counsel, they alleged that the defendants had conspired together to obtain their conviction through the use of false evidence, and that such conspiracy was in violation of their constitutional and legal rights under the due-process and equal-protection provisions of the 14th Amendment of the Constitution, and the laws of the United States. In particular, they alleged:

"Defendants did conspire together by changing and/or substituting one gun for another, and the false gun was used, and exhibited in the judicial proceedings of the People's cause, and by the usage of said false evidence 'gun' complainant was convicted. * * *

"The defendants * * * did on the aforesaid 19–20th day of October, 1953, switch, change, and substitute a 38 Cal. revolver for a 32 Caliber automatic, with criminal, malicious and felonious intent to obstruct justice, and to effectuate a false prosecution, conviction, and illegal sentence against the complainants, in relation with an 'armed robbery' charge, contrary to the laws of the State of Michigan, and of the United States, and which has resulted in a willful and malicious deprivation of rights, privileges and immunities as secured by the Constitution and laws of the United States."

The present civil action for money damages, in which the plaintiffs were ably represented by court-appointed counsel, was tried to a jury, and at the conclusion of all proofs on September 12, 1956, the court on defendants' motion directed a verdict of no cause of action and judgment was entered accordingly. The verdict was directed on the ground that plaintiffs had presented no evidence establishing, or from which it could be inferred, that the defendants had conspired together as alleged or that plaintiffs had been convicted by the use of false evidence; and on the further ground that as the defendants were acting in their official capacities and within the scope of their jurisdiction and authority, they were immune from civil liability to the plaintiffs. Furthermore, the court was convinced that in the criminal trial of the plaintiffs before Judge Mosier there was ample evidence, entirely aside from the question as to what gun was used, to justify their conviction.

■■■ On November 6, 1956, the plaintiffs filed a motion to set aside the judgment of no cause of action and to grant a new trial. Their motion is based on the alleged ground that the defendants conspired together to cause their conviction through the use of false evidence relative to the gun used in the perpetration of the assault and robbery, and upon their further claim that they were illegally removed from the State of Illinois, where they were arrested, to the State of Michigan without proper extradition proceedings. It is clear that their motion for a new trial on the basis of false evidence presents no material facts or issues which were not presented, fully considered, and determined in the jury trial of their civil action against the defendants. Furthermore, their contention that they were illegally removed to the State of Michigan is wholly without merit, as they were fully apprized of the charges against them and were accorded a fair trial before Judge Mosier, and in the conduct of that trial there was no invasion of their constitutional or legal rights. In Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541, the Supreme Court said:

"This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct.

225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

It should be noted that the judgment of no cause of action was entered on September 12th and that the plaintiffs' motion for a new trial was not filed until November 6th and was not served on counsel for defendants until some time thereafter. Rule 59(b) as amended of the Federal Rules of Civil Procedure, 28 U.S.C., provides that "a motion for a new trial shall be served not later than 10 days after the entry of the judgment." Therefore, the plaintiffs' motion was not filed and served within the required period of time. Furthermore, the plaintiffs make no showing of material and newly discovered evidence which, by due diligence, could not have been discovered in time to enable them to move for a new trial within the 10-day period provided in Rule 59(b). See Rule 60(b) as amended of the Federal Rules of Civil Procedure. Clark v. Lansburgh & Bro., Inc., D.C., 38 F.Supp. 729; Abruzzino v. National Union Fire Ins. Co., D.C., 35 F.Supp. 925; United States v. Erie County, D.C., 8 F.R.D. 493; Theiss v. Owens-Illinois Glass Co., D.C., 1 F.R.D. 175; 3 Barron and Holtzoff, Federal Practice and Procedure, §§ 1305, 1306, pp. 238–241.

Furthermore, in the criminal trial of the plaintiffs in the State court the defendants were acting in their official capacities and within the scope of their jurisdiction and authority, and the law is well established that they are immune from civil liability to the plaintiffs for damages. In the case of Thompson v. Heither, 6 Cir., 235 F.2d 176, the court of appeals for this judicial circuit said:

"The appellant was convicted in the state court of a felony on December 7, 1950. Nearly four years thereafter, namely on March 23, 1954, he filed a complaint in the District Court for the Eastern District of Michigan under the Civil Rights Act, 42 U.S.C.A. § 1981 et seq., claiming damages in fantastic amounts against the judge before whom the case was tried to the jury, the prosecuting attorney and his chief assistant, a former police commissioner, and others, for false arrest, malicious prosecution and a conspiracy among the several defendants in bringing about his arrest and prosecution. * * * Upon motions, his case was dismissed and this appeal is from an order of dismissal. * * *

"While unnecessary to present decision, we think it appropriate, in view of the spate of cases of similar import now being lodged in the district courts by persons arrested, indicted, or sentenced for violation of law, to observe that judges and prosecutors, in cases where there is jurisdiction over the persons of defendants and over the offenses for which they are tried, come within the doctrine of judicial immunity by an important series of cases in the Supreme Court of the United States and other courts. Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L. Ed. 646; Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, 58 L.Ed. 142. Our recent study of the adjudicated principles is to be found in Kenney v. Fox, 6 Cir., 232 F.2d 288, in which this line of decisions is cited and analyzed. The cruelty residing in the raising of false hopes, by whom-

soever instigated, when compensation is sought which courts should not and cannot grant, ought certainly to be avoided and we are compelled to make this contribution to such result. The challenged order is, affirmed."

See also Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Kenney v. Fox, 6 Cir., 232 F.2d 288; Eaton v. Bibb, 7 Cir., 217 F.2d 446; Cawley v. Warren, 7 Cir., 216 F.2d 74; Francis v. Lyman, 1 Cir., 216 F.2d 583; Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242, certiorari denied 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618; Ravenscroft v. Casey, 2 Cir., 139 F.2d 776; Copley v. Sweet, D.C., 133 F.Supp. 502, affirmed 6 Cir., 234 F.2d 660; Kenney v. Killian, D.C., 133 F.Supp. 571, affirmed 6 Cir., 232 F.2d 288; Griffin v. Connally, D.C., 127 F.Supp. 203; Morgan v. Sylvester, D.C., 125 F.Supp. 380; Ginsburg v. Stern, D.C., 125 F.Supp. 596, affirmed 3 Cir., 225 F.2d 245; Ginsburg v. Stern, D.C., 19 F.R.D. 238; 55 Mich.Law Rev. 2 (1956) pp. 201–234.

The court concludes as follows: (1) That the plaintiffs were accorded a full and fair trial in the criminal action before Judge Mosier in October, 1953; (2) that in their arrest in Illinois and removal to Michigan, and in their trial, conviction, and sentence, there was no invasion of their constitutional or legal rights; (3) that there was ample evidence presented to justify their conviction of the crime charged; (4) that their conviction was not obtained by the use of false evidence; (5) that in the jury trial of the plaintiffs' present civil action for money damages there was no evidence establishing, or from which by any stretch of the imagination it could be inferred, that the defendants had conspired together to cause the plaintiffs' conviction by the use of false evidence; and (6) that the plaintiffs' motion for a new trial was not filed and served within the 10-day period as required by Rule 59(b).

The granting of a motion for a new trial is within the sound discretion of the trial court, English v. Mattson, 5 Cir., 214 F.2d 406; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1302 and authorities cited, and in this action the court is convinced that the granting of a new trial would serve no purpose except to relitigate issues which had been fully considered and correctly and finally determined.

For the reasons herein stated the plaintiffs' motion to set aside the judgment of no cause of action and to grant a new trial is denied. An order will be entered accordingly.