Domenico MASTINI, Plaintiff-Appellant,

v.

AMERICAN TELEPHONE AND TELE-GRAPH COMPANY and Western Electric Company, Defendants-Appellees.

Domenico MASTINI, Plaintiff-Appellant,

v.

NEW YORK TELEPHONE COMPANY, Defendant-Appellee.

Nos. 23, 222, Dockets 29628, 30806.

United States Court of Appeals Second Circuit.

Argued Nov. 16, 1966.

Decided Nov. 29, 1966.

Hyman Hurvitz, Washington, D. C. (Domenico Mastini, pro se, New York City, on the brief), for plaintiff-appellant.

Henry R. Ashton, New York City (Albert E. Fey, New York City, on the brief), for defendants-appellees.

Before MEDINA, KAUFMAN and FEINBERG, Circuit Judges.

MEDINA, Circuit Judge:

Appellant Mastini was granted patent No. 2,129,332, on September 6, 1938, covering a particular type of mobile radio-telephone system, which he now claims has been infringed by the radio-telephone system developed by the appellee American Telephone and Tele-

graph Company and now in common use. The operation of the appellee's system has been stipulated: the remote, or mobile, radio transmitter emits a radio signal which is received by a stationary terminal and forwarded to a special operator at a toll switchboard. When a light flashes on this switchboard, the operator connects the remote caller into the standard telephone network. Thus, the connection of the remote caller with the standard network is done manually by one of appellee's operators located on appellee's property.

■ The Mastini patent describes "means" by which signals from the remote radio-telephone *cause* the disconnection of the *local sub-station*" from the standard network and simultaneously cause the connection of the remote radio-telephone. The controversy turns on the proper construction of the words we have emphasized. Mastini asserts that "cause" must be read to include appellee's manual operator and that "local sub-station" includes appellee's switchboard. Chief Judge Ryan held that appellant was estopped to assert that the Mastini patent included any other than an automatic disconnection. He also held the Mastini patent "limited to a combination which contained a single subscriber's telephone." As we agree that the File Wrapper clearly shows the Mastini patent was so limited, there is no genuine dispute as to the facts and the granting of summary judgment was proper. Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9 (2 Cir., 1956).

Chief Judge Ryan correctly concluded that the Mastini patent was limited to automatic means. The patent itself sets out in detail the functioning of an automatic system but does not mention the possibility of manual operations. Further, the File Wrapper history illustrates that Mastini was forced to cancel his early claims because of various prior art references. To overcome these references, new claims were submitted and Mastini remarked: "none of [these references] describes the idea of automatically switching * * *." Elsewhere Mastini distinguishes his invention from one requiring the presence of an operator.

■ It is equally clear that Mastini's "local sub-station" cannot include a central switchboard. In the File Wrapper the sub-station is alternatively described as a "subscriber's station" and the patent itself clearly states that Mastini's invention requires alteration only at the subscriber's telephone, not at the central telephone plant. Again, as Mastini was forced to add this "sub-station" to his claims to avoid rejection on the prior art, he is estopped to now include what he was forced to abandon to obtain his patent. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

■ Nearly a year after the granting of summary judgment, appellant moved under Federal Rule of Civil Procedure 60(b) for relief from the judgment on several grounds. His appeal from the denial of this motion has been consolidated with the principal appeal. In this Court, appellant asserts only the single ground that "the defendants have improperly influenced this Court in its decision by a preordinated, cunning, unconscionable plan or scheme of defense based upon a great deal of misrepresentations and misconducts." Chief Judge Ryan found that appellant was attempting to use a Rule 60 motion to relitigate the merits of his claim and that the allegations of fraud were not substantiated. We agree.

Affirmed.