Domenico MASTINI, Appellant in
No. 18973,

v.

AMERICAN TELEPHONE AND TELE-GRAPH COMPANY and The Diamond State Telephone Company.

Domenico MASTINI, Appellant in
No. 18974,

v.

THE DIAMOND STATE TELEPHONE COMPANY.

Domenico MASTINI, Appellant in
No. 18975,

v.

AMERICAN TELEPHONE & TELE-GRAPH CO.

Nos. 18973–18975.

United States Court of Appeals,
Third Circuit.

Argued March 29, 1971.

Decided April 13, 1971.

Dante W. Renzulli, Jr., Leomporra & D'Alessandro, Philadelphia, Pa., for appellant.

Albert E. Fey, Fish & Neave, New York City (Potter, Anderson & Corroon, William S. Potter, Wilmington, Del., on the brief), for appellees.

Before HASTIE, Chief Judge, and MARIS and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

These are consolidated appeals from a summary judgment of the United States District Court for the District of Delaware dismissing the plaintiff's complaints in the three above entitled cases upon the ground that their prosecution is barred, under the doctrine of res judicata, by virtue of a final judgment entered on December 14, 1964, 236 F.Supp. 310, against the plaintiff in an action brought by him in the United States District Court for the Southern District

of New York against the American Telephone and Telegraph Company, the Western Electric Company and the New York Telephone Company, which judgment was affirmed on appeal. 2 Cir. 1966, 369 F.2d 378, cert. den. 387 U.S. 933, 87 S.Ct. 2055, 18 L.Ed.2d 994. The suits in each court charged infringement of the plaintiff's patent No. 2,129,332 by the American Telephone and Telegraph Company and its affiliates which were named as defendants, the alleged infringing device in each suit being substantially the same.

The plaintiff's sole contention on these appeals is that the New York court determined noninfringement of claims 1, 2 and 3 of the patent only and did not determine the question of infringement of the remaining 8 claims, so that the question of infringement of the latter is still open to litigation in the present suits. It is true that Chief Judge Ryan in his opinion in the District Court for the Southern District of New York referred to and discussed claims 1, 2 and 3 specifically. But it appears that these claims had been presented to the court by the plaintiff as typical and not as the only claims infringed. On the contrary, in the complaint in the New York case the patent as a whole was alleged to have been infringed and in the judgment entered in that case the complaint in its entirety was dismissed upon the merits. The New York judgment was thus a general judgment which adjudicated that there had been no infringement of the patent as a whole, not merely of a particular claim. General Motors Corporation v. Leer Auto Supply Co., 2 Cir. 1932, 60 F.2d 902, 906.

Under these circumstances, the fact that Chief Judge Ryan in his opinion discussed claims 1, 2 and 3, which the plaintiff had stressed as typical, is of no significance. Marshall v. Bryant Electric Co., 1 Cir. 1911, 185 F. 499, 500–501; General Ry. Signal Co. v. Union Simplex Train C. Co., D.C.Del.1938, 23 F.Supp. 667, 670–671, aff. 3 Cir. 1939, 106 F.2d 1018, cert. den. 309 U.S. 678, 60 S.Ct. 716, 84 L.Ed. 1022.

Since these cases did not involve any genuine issue of material fact, summary judgment of dismissal was rightly entered.

The judgment of the district court will be affirmed.