**TRIANGLE CAPITAL CORP., et al., Plaintiffs,**

v.

**I.M.C. MANAGEMENT CORP., et al., Defendants.**

**Civ. A. No. 88–1624–WF.**

United States District Court, D. Massachusetts.

Sept. 18, 1989.

## MEMORANDUM AND ORDER

WOLF, District Judge.

In February 1988, the plaintiffs Triangle Capital Corporation, Triangle Capital Corporation of Ohio, and Richard A. Swartz (hereinafter collectively referred to as "Triangle") and the defendants I.M.C. Corporation, Edward Lapidus and David Glaser (hereinafter collectively referred to as "I.M.C.") executed four agreements for the purchase and sale of four parcels of land: (1) the "Riverside Agreement" for the purchase of the "Riverside Property; (2) the "Marina Agreement" for the purchase of the "Marina Property;" (3) the "Lodge Agreement" for the purchase of the "Lodge Property;" and (4) the "Dayton Agreement" for the purchase of the "Dayton Property." I.M.C. delivered to Triangle cash and promissory notes to be held in escrow as deposits on these land sales.

Triangle brought this action June 14, 1988, claiming I.M.C. had breached the four purchase and sale agreements by failing to close on the parcels. I.M.C., in response, filed a counterclaim seeking specific performance of the "Riverside Agreement." I.M.C. also sought a declaratory judgment that Triangle breached its obligations under the various agreements and requested the return of the cash and notes relating to the Marina, Lodge, and Dayton Properties which were held in escrow. In addition, I.M.C. filed an action in United States District Court for the Southern District of Ohio, causing a *lis pendens* to be recorded against Triangle's title to the Riverside Property.

As a result of settlement negotiations, the parties entered into a Stipulation, Settlement Agreement and Assent to Order ("Settlement Agreement"). This court approved the Settlement Agreement on February 9, 1989. The Settlement Agreement provided for the following: the dismissal of the pending action; I.M.C.'s purchase from Triangle of the Riverside Property; the removal of the *lis pendens* filed by I.M.C. in the related Ohio action; and the return and cancellation of the notes held in escrow. Pursuant to the Settlement Agreement, the related action in Ohio was dismissed, the related *lis pendens* was removed, and the notes held in deposit were returned to I.M.C. and destroyed.

On April 11, 1989, Triangle moved to vacate the Settlement Agreement because of I.M.C.'s alleged bad faith and fraudulent conduct in entering into and failing to satisfy its obligations under the settlement agreement. No memorandum in support of the motion was filed. On May 5, 1989 Triangle filed a Motion for Leave to File Amended Verified Complaint, its Amended Verified Complaint, and an Application for Preliminary Injunction. I.M.C. filed memoranda in opposition to these motions.

On June 6, 1989, this court denied all of Triangle's pending motions "without prejudice to possible reconsideration if the relevant issues concerning the existence and scope for this court's authority to grant plaintiffs' relief [were] properly and persuasively presented."

Triangle has filed a Motion for Reconsideration. I.M.C. opposes this request.

■■■■ Upon consideration of the most recent submissions, it appears that this court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, has the authority to vacate the court-approved Settlement Agreement. *See U.S. v. Baus*, 834 F.2d 1114, 1123 (1st Cir.1987). Wright & Miller, Federal Practice and Procedure: Civil § 2860, at 187–88 (1973). Triangle claims that I.M.C. has engaged in fraudulent conduct and deliberate misrepresentations which, if proven, would entitle Triangle to relief pursuant to Fed.R.Civ.P. 60(b)(3). Triangle also alleges that I.M.C. has materially breached the Settlement Agreement. If such material breach is proven, Triangle may be entitled to relief pursuant to Fed.R. Civ.P. 60(b)(6). *See Baus*, 834 F.2d at 1124. I.M.C. denies Triangle's allegations.

Therefore, an evidentiary hearing on the allegations made in Triangle's Motion to Vacate will be required. *Baus*, 834 F.2d at 1123. At this evidentiary hearing, Triangle will have the burden of establishing any fraud or misrepresentation on the part of I.M.C. by clear and convincing evidence. *See* Wright & Miller, Federal Practice and Procedure: Civil § 2860 at 189 (1973). Plaintiff's motion will be denied if, as is argued by I.M.C., it is merely an attempt to litigate the original case, *Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966), *cert. denied*, 387 U.S. 933, 87 S.Ct. 2055, 18 L.Ed.2d 994 (1967), or if the court otherwise concludes that the standards of Fed.R.Civ.P. 60(b)(3) or (6) have not been met. All other pending motions, including the parties' respective motions for sanctions, will be decided subsequent to the evidentiary hearing.

A conference to schedule the evidentiary hearing and to discuss related matters will be held at 4:00 p.m. on September 28, 1989.