890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Jim T. HAMILTON, Individually and in his Judicial Capacity
as Circuit Judge; Circuit Court of Lawrence
County, Defendants-Appellees.
 No. 88-5649.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Earlene Polyak, a pro se Michigan resident, appeals from the district court's order directing the clerk of the district court not to file a complaint which she had submitted.
 
 
 3
 The complaint attempts to relitigate a Tennessee state court action which resulted in the partition sale of land that Polyak and her siblings had inherited as tenants in common. In this complaint, Polyak seeks to reopen, via Fed.R.Civ.P. 60(b), her earlier action against appellees, the Tennessee trial court judge and Lawrence County (Tennessee) Circuit Court, brought pursuant to 42 U.S.C. Sec. 1983. Polyak avers that she has newly discovered evidence requiring reopening of the complaint.
 
 
 4
 In accordance with its earlier order enjoining Polyak from filing further litigation regarding the state court action without the express permission of the court, the district court reviewed Polyak's complaint and denied permission to file it. After the denial of a subsequent motion for reconsideration, Polyak filed a timely notice of appeal. In addition, Polyak has also filed a motion seeking to supplement the record in this case with the record in Case No. 89-5648.
 
 
 5
 Upon review, we affirm the district court's judgment and deny the motion to supplement the record.
 
 
 6
 First, although Polyak seeks to add the record from Case No. 89-5648 to this record, that record has already been forwarded to this court and will be considered separately.
 
 
 7
 Second, this court has approved the practice of a district court requiring prolific litigators to obtain leave of court before any further complaints will be accepted for filing. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order).
 
 
 8
 Furthermore, Polyak's allegations that she has newly discovered evidence which mandates the reopening of her previous Sec. 1983 action against appellees are meritless.
 
 
 9
 Although Polyak asserts that she has newly discovered evidence sufficient for reopening the case, a review of her complaint shows that it is merely a restatement of events which occurred in the course of the Tennessee state court action and subsequent appeal. However, a Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of his claim and his allegations are unsubstantiated. See Mastini v. American Tel. and Tel. Co., 369 F.2d 378, 379 (2d Cir.1966), cert. denied, 387 U.S. 933 (1967). Finally, we conclude that Polyak's Rule 60(b) motion was properly denied because even if some of her allegations concern new evidence, it would not likely produce a different result in her Sec. 1983 action. McKnight v. United States Steel Corp., 726 F.2d 333, 336-37 (7th Cir.1984). The defendants in Polyak's Sec. 1983 action were the state trial judge and county circuit court. However, judges are immune for damages based on their judicial actions under Sec. 1983. Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed and the motion to supplement the record is hereby denied pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.