4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Jim T. HAMILTON, Individually and in his judicial capacity
as Circuit Judge; Circuit Court of Lawrence
County, Defendants-Appellees.
 No. 92-6526.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 M.D.Tenn., 85-00116, Higgins, J.
 M.D.Tenn.
 AFFIRMED.
 BEFORE: MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan litigant, Earlene Polyak, appeals from an order of the district court denying her petition for "rehearing en banc" entered on the docket on October 6, 1992. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mrs. Polyak inherited property in Tennessee jointly as tenants in common with her sister, Wilma Lesnansky, and her brother, Frank Hulen. In 1976, Mrs. Polyak's siblings sought and obtained a partition sale of the property. Mrs. Polyak objected to the manner in which the property was divided and challenged the property's partition. Mrs. Polyak's challenge, however, was unsuccessful in the state courts. As a result, Mrs. Polyak attempted to overturn the property's partition by instituting federal court challenges.
 
 
 3
 The defendant in this case is the Honorable Jim T. Hamilton, Judge, Lawrence County, Tennessee, Circuit Court. Also named as a defendant is the Circuit Court of Lawrence County, Tennessee. Mrs. Polyak originally brought suit against Judge Hamilton under 42 U.S.C. Sec. 1983 asserting that he violated her civil rights by his handling of the partition sale litigation. For relief, she sought damages and an injunction prohibiting the enforcement of the order for partition. The district court dismissed the action sua sponte because the defendant is immune from damages under Sec. 1983. Stump v. Sparkman, 435 U.S. 349 (1978). Additionally, Mrs. Polyak's request for injunctive relief was denied under the doctrine of res judicata. The district court went on to conclude that the case was frivolous, malicious, and harassing. This court affirmed the judgment of the district court (Case No. 85-6134, order entered 8/15/86).
 
 
 4
 In her brief on appeal, Mrs. Polyak "moves to set aside order pursuant to Rule 60. FRcivP [sic], and schedule jury trial in all cases sau[sic] sponte dismissed by Judge Higgins on october [sic] 6, 1992, for punitive and compensatory damages pursuant to Public Law 102-166, and the return of all Appellant's properties including her right to never be regained in her retirement home."
 
 
 5
 Upon review, we find no error. Mrs. Polyak characterizes this appeal as a Rule 60 motion, and her primary argument seems to be that the district court intentionally disregarded "new evidence" concerning the loss of her share of the property's burley tobacco base allotment. This is the same argument she has made in every pending appeal against every defendant she has ever sued. A review of the history of Mrs. Polyak's litigation reveals that her argument is merely a restatement of events which occurred in the course of the Tennessee state court action and her subsequent appeal.
 
 
 6
 An appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 111 S.Ct. 2857 (1991). Moreover, a Rule 60(b) motion is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). A Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits a of a claim and the allegations are unsubstantiated. See Mastini v. American Tel. and Tel. Co., 369 F.2d 378, 379 (2d Cir.1966) (attempt to relitigate a patent claim based upon unsubstantiated allegations of fraud), cert. denied, 387 U.S. 933 (1967). See also Smith v. Mosier, 148 F.Supp. 638 (W.D.Mich.1957) (where granting of a new trial would serve no purpose except to relitigate issues which have been fully considered and correctly and finally determined, motion for relief under Rule 60(b) should be denied). This case presents no unusual or extreme circumstances in which the principles of equity mandate relief.
 
 
 7
 Furthermore, a trial court does not abuse its discretion in denying a Rule 60(b) motion based on newly discovered evidence where some of the evidence is not "newly discovered" and where the remaining evidence is cumulative and would not be likely to produce a different result. McKnight v. United States Steel Corp., 726 F.2d 333, 336-37 (7th Cir.1984). Mrs. Polyak's evidence is not newly discovered nor is it likely to produce a different result in her Sec. 1983 action. The defendants in this suit were a state trial court judge and county circuit court. Under Sec. 1983, judges are immune from damages for judicial acts, Stump v. Sparkman, 435 U.S. 349 (1978), and a county circuit court is not a "person" as required by Sec. 1983. Foster v. Walsh, 864 F.2d 416, 418 (6th Cir.1988).
 
 
 8
 Accordingly, the district court's order dated October 6, 1992, is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mrs. Polyak's suggestion that the case be considered en banc is denied, and no further submissions, motions, or petitions for reconsideration or rehearing will be accepted by this court. The Clerk is hereby ordered to issue the mandate immediately. Double costs will be assessed for this vexatious and frivolous appeal.