**Raheem Abdul MUHAMMAD,
Plaintiff–Appellant,**

v.

**Dr. ORTA, et al., Defendants.**

**Yakov Drabovsky, Defendant–Appellee.**

**No. 01–1034.**

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before KENNEDY, GUY, and BOGGS,
Circuit Judges.

Raheem Abdul Muhammad, a Michigan prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 15, 1999, Muhammad filed a civil rights complaint against several em-

ployees of the Michigan Department of Corrections contending that the defendants were deliberately indifferent to his serious medical needs. Muhammad has acne. Muhammad also asserted state law claims against the defendants. The district court dismissed all of Muhammad's federal claims except Muhammad's Eighth Amendment medical claims and state law claims against defendant Dr. Yakov Drabovsky.

Thereafter, defendant Drabovsky filed a motion for summary judgment. On July 19, 2000, a magistrate judge recommended granting defendant Drabovsky (the only remaining defendant) summary judgment concerning Muhammad's federal claims and dismissing supplemental state law claims against defendant Drabovsky pursuant to 28 U.S.C. § 1367(c)(3). Despite Muhammad's objections, the district court adopted the magistrate judge's report and recommendation in a judgment entered September 25, 2000.

A motion to extend the time to file a motion for relief from judgment was filed on October 10, 2000, and granted by order entered October 17, 2000. On November 6, 2000, Muhammad filed a motion for relief from judgment pursuant to Fed. R.Civ.P. 59(e) and 60(b). The district court denied the motion in an order filed December 7, 2000, and entered December 11, 2000. Muhammad filed a notice of appeal on December 21, 2000.

■ Initially, we note that a panel of this court held that Muhammad's appeal was jurisdictionally defective with regard to the underlying judgment of dismissal and that the appeal would be treated as having been taken from the order which denied Muhammad's Rule 60(b) motion. Such an appeal does not bring the underlying judgment up for review. *Browder v. Dir. Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hop-*

*per v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). Thus, the arguments raised in Muhammad's appellate brief as they relate to the underlying judgment will not be reviewed.

■ In reviewing the denial of a Rule 60(b) motion, this court is limited to determining whether the district court abused its discretion. *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991). An abuse of discretion has been defined as a "definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989).

■ Upon review, we conclude that the district court did not abuse its discretion in denying Muhammad's Rule 60(b) motion. Muhammad's motion falls under the "catch-all" subsection (6) of Rule 60(b). The residual clause contained in Rule 60(b)(6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. *McDowell*, 931 F.2d at 383–84; *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365–66 (6th Cir.1990). Subsection (b)(6) will be properly invoked in "unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365 (original emphasis). Not only were no exceptional or extraordinary circumstances presented in this case, but the arguments presented in Muhammad's post-judgment motion have been rejected by the district court. A Rule 60(b) motion must be denied if, as here, it is merely an attempt to relitigate the case. *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.