William B. WALKER, Plaintiff–Appellant,

v.

WBKO TELEVISION; Steve Allen Wilson; Park City Daily News, Defendants–Appellees.

No. 02–5497.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2002.

**318**

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

## ORDER

William Walker, proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury in Warren County, Kentucky, convicted Walker of unlawful transactions with a minor. Walker contended that the Commonwealth of Kentucky lacked jurisdiction to prosecute him. Specifically, in his complaint, Walker claimed that defendant Steve Wilson prosecuted the case outside the scope of his jurisdiction and authority. Walker further claimed that his prosecution was sought for the purpose of harassment.

During the course of the criminal proceedings, Wilson allegedly made statements to members of the media concerning the proceedings. These statements were allegedly broadcast on defendant WBKO Television and printed in *The Park City Daily News*. Walker claimed that Wilson's statements "convey[ed] to average reasonable viewers the impression that" the

charges against Walker were valid. Consequently, Walker alleged that Wilson exposed Walker to "public hatred, contempt and scorn."

Following his conviction, Walker initiated an action under 42 U.S.C. §§ 1983 and 1985. He alleged violations of his constitutional rights and supplemental state law tort claims grounded in principles of defamation.

By memorandum opinion and order entered March 30, 2000, the district court dismissed all claims against *The Park City Daily News*. The court held that Walker failed to demonstrate any state action on the part of *The Park City Daily News* sufficient to state a cognizable claim under § 1983. The court also held that Walker failed to state a cognizable § 1985 claim against *The Park City Daily News* because he failed to demonstrate actions based upon invidious discrimination. Furthermore, Walker failed to demonstrate that *The Park City Daily News* engaged in conduct that would have violated any constitutional right against private encroachment. Lastly, the court held that Walker's state tort claim for defamation was barred by the applicable statute of limitations. Walker's subsequent motion to alter or amend the judgment was denied.

By memorandum opinion and order entered January 30, 2001, the district court dismissed all claims against defendants Wilson and WBKO Television. Specifically, the court held that Walker's claims against defendant Wilson were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The court also held that Walker failed to state a cognizable

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

§ 1985 claim because Walker offered nothing more than the conclusory allegation that the state employees acted in concert. Walker failed to make sufficient factual allegations to establish any sort of "meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive him of his constitutional rights. The court further held that Walker failed to demonstrate any state action on the part of WBKO sufficient to state a cognizable claim under § 1983. Lastly, the court held that Walker failed to state a cognizable § 1985 claim against WBKO because he failed to demonstrate actions based upon invidious discrimination. Walker's subsequent motion to alter or amend the judgment was denied in an order filed March 14, 2001.

On April 3, 2001, Walker filed a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b)(1), (2) and (3). The district court denied the motion in an order filed June 18, 2001. An appeal followed and this court affirmed the district court's judgment. *Walker v. WBKO Television, et al.,* No. 01–5819, 2002 WL 123630, 28 Fed.Appx. 472 (6th Cir. Jan. 28, 2002).

On March 11, 2002, Walker filed a second motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The district court denied the motion in an order filed April 2, 2002. Walker appeals that judgment.

We review a district court's ruling pursuant to Rule 60(b) for an abuse of discretion. *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993); *Windsor v. United States Dep't of Justice,* 740 F.2d 6, 7 (6th Cir.1984). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improp-

erly applies the law, or uses an erroneous legal standard. *Id.* An appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. *See Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991). Moreover, a Rule 60(b) motion is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990).

Upon review, we conclude that the district court did not abuse its discretion when it denied Walker's Rule 60(b) motion. Walker failed to satisfy the standards set forth in any of the Rule 60(b) subsections. His motion does not contain any new evidence, nor does it claim that any error of law was made in the initial decision granting summary judgment. Moreover, a review of the record does not reveal the requisite clear and convincing evidence sufficient to establish fraud under Fed. R.Civ.P. 60(b)(3). *Simons v. Gorsuch,* 715 F.2d 1248, 1253 (7th Cir.1983). The underlying judgment is not void, nor has the judgment been satisfied, released, or discharged. Lastly, a Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Mastini v. American Tel. & Tel. Co.,* 369 F.2d 378, 379 (2d Cir.1966) (attempt to relitigate a patent claim based upon unsubstantiated allegations of fraud). The present motion is Walker's latest attempt to relitigate his case. He raised arguments concerning improprieties by the Warren County Commonwealth Attorney (Steve Wilson) and two Kentucky Circuit Court judges (Hon. John Minton and Hon. Thomas Lewis). Walker's arguments have no support in the record, and Walker offers no evidence to support the arguments. In addition,

Judges Minton and Lewis are not defendants in this action. Otherwise, Walker's claims have been fully considered by the district court. Because Walker sought only to relitigate issues already decided, the district court acted within its considerable discretion by denying relief.

Accordingly, we hereby affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.