**Edsel David BARNES, Jr., also known as Wildman, Plaintiff–Appellant,**

v.

**William J. CLINTON, President; Vice–President of the United States; United States Senators; United States Representatives, Defendants–Appellees.**

No. 02–6057.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

*ORDER*

Edsel David Barnes, Jr., a pro se Kentucky prisoner, appeals a district court order denying his motion to amend his "Petition for Permanent Injunction." This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Barnes did not file a complaint to initiate the current lawsuit. Rather, he simply filed a "Petition for Permanent Injunction." The document did not set forth the basis of federal jurisdiction. In his petition for permanent injunction and supporting memorandum, Barnes asserted a violation of Article 1, § 9, Clause 8 of the Constitution of the United States of America and a violation of the First Amendment Establishment Clause, Fifth Amendment and Fourteenth Amendment to the United States Constitution. He claimed that the framers of the Constitution initially violated the above provisions by making the following statement in Article VII of the Constitution: "the Seventeenth Day of September in the Year of Our Lord one thousand seven hundred and Eighty Seven." He claimed that the foregoing language grants a title of nobility to, respects, and is based on the establishment of the Christian religion. He sought a permanent injunction directing the defendants to

cease and desist from imposing the current dating system on him and directing them to adopt a new dating system for the United States of America.

On June 20, 2001, the district court dismissed the action pursuant to Fed.R.Civ.P. 8(a) and 12(h)(3) for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Barnes then filed a "Motion for Reconsideration" on June 27, 2001, which the district court denied by order entered February 14, 2002. Thereafter, on February 22, 2002, Barnes filed a "Motion to Amend Complaint." Within the motion to amend, Barnes requested the court to "reconsider this case and grant relief as demanded in Plaintiff['s] original petition." Because the underlying judgment had neither been set aside nor vacated, the district court denied the motion to amend. The request for reconsideration, which the district court construed as being brought under Fed. R.Civ.P. 60(b), was denied as well. This appeal followed.

Because Barnes filed the motion to amend the pleadings after the entry of judgment in the case, the motion is properly construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). The standard of review is abuse of discretion; the appeal does not bring up the final judgment for review. *See Browder v. Director, Dep't of Corr. of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Peake v. First Nat'l Bank,* 717 F.2d 1016, 1020 (6th Cir.1983). Abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.*

Upon review, we conclude that the district court did not abuse its discretion by denying the motion to amend the pleadings construed as a motion for relief from judgment. Barnes fails to establish grounds for relief under Rule 60(b). A party may obtain relief from judgment for various reasons including mistake, newly discovered evidence, fraud, a void judgment, or a satisfaction or release from a prior judgment. *See* Fed.R.Civ.P. 60(b)(1–5). Additionally, a party is entitled to relief upon a showing of exceptional or extraordinary circumstances. *See* Fed.R.Civ.P. 60(b)(6). Barnes has failed to satisfy any of the standards set forth in Rule 60(b). *See* Fed.R.Civ.P. 60(b)(1)-(6). Furthermore, a Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Mastini v. American Tel. & Tel. Co.,* 369 F.2d 378, 379 (2d Cir.1966) (attempt to relitigate a patent claim based upon unsubstantiated allegations of fraud). The present motion is Barnes's latest attempt to relitigate his case regarding the dating system as set forth in his petition for injunctive relief. Barnes's claims have been fully considered by the district court. Because Barnes sought only to relitigate issues already decided, the district court acted within its considerable discretion by denying relief.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.