**Elbert Phillip LONG, Plaintiff–
Appellant,**

v.

**James L. MORGAN, Warden, et
al., Defendants–Appellees.**

No. 02–5548.

United States Court of Appeals,
Sixth Circuit.

Feb. 20, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and POLSTER, District
Judge.*

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Elbert Phillip Long, proceeding pro se, appeals a district court order denying his Fed.R.Civ.P. 60(b) motion for relief from judgment. This case has been referred to. a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 1989, Long's original action was construed as a civil rights action filed under 42 U.S.C. § 1983. Long appears to have alleged that the defendants improperly revoked his parole and that he has been illegally incarcerated from that time. In 1991, the district court dismissed the complaint as barred under the doctrine of collateral estoppel.

On August 24, 2001, more than one year later, Long filed his Rule 60(b) motion, essentially reasserting his arguments that, in order to obtain a favorable ruling in the case, the defendants had misled the district court by intentionally misrepresenting Kentucky's sentencing statutes, Kentucky's sex offender statutes, and the procedures involving the release of technical parole violators. Upon review, the district court construed the motion as filed under Rule 60(b)(1) and (3), and dismissed the action as untimely. The court also noted that Long had merely attempted to relitigate the merits of the underlying case, and that Long could only challenge his confinement through a properly filed petition for a writ of habeas corpus. Long has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly dismissed Long's Rule

60(b) motion. This court reviews a district court's denial of a motion under Fed. R.Civ.P. 60(b) for an abuse of discretion. *Futernick v. Sumpter Township,* 207 F.3d 305, 313 (6th Cir.2000). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *Id.*

Long is not entitled to Rule 60(b) relief. Long's Rule 60(b) motion is untimely as Long does not dispute that the motion was filed more than one year after the district court dismissed the underlying civil rights action. *See* Fed.R.Civ.P. 60(b). Moreover, even if the motion were timely, it was properly subject to dismissal. A Rule 60(b) motion must be denied if, as here, it is merely an attempt to relitigate the case. *See Mastini v. Am. Tel. & Tel. Co.,* 369 F.2d 378, 379 (2d Cir.1966). In addition, Long should have pursued his challenge of alleged illegal incarceration in a petition for a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.