Aubrey MAYHEW, doing business as Mayhew Music Company, doing business as Amcorp Music Group, doing business as Dream City Music, doing business as Streets of Gold Music, Plaintiff–Appellant,

v.

GUSTO RECORDS, INC.; Intl Marketing Group, also known as IMG, Inc., doing business as Power Pak Records, Inc., doing business as Starday–King Records, Inc., doing business as Starday Records, Inc., doing business as King Records, Inc., doing business as Cindy Lou's TV Mail Order, Inc., doing business as GML, Inc., Defendants–Appellees.

No. 02–5413.

United States Court of Appeals, Sixth Circuit.

July 2, 2003.

Before: BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

### ORDER

Aubrey Mayhew, proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 16, 1994, Mayhew filed a complaint against several record companies alleging copyright infringement in several musical compositions. On April 4, 1997, the district court granted the defendants' motion for partial summary judgment and held that six of the compositions at issue had been injected into the public domain. On October 30, 2001, the defendants filed a motion for summary judgment on Mayhew's remaining claims to which Mayhew failed to file a timely response. In an order entered December 4, 2001, the district court granted summary judgment for the defendants. A motion for reconsideration was filed on December 21, 2001. It failed to toll the appeal period and was denied by order entered December 27, 2001. A motion for relief from judgment was filed on February 5, 2002, and denied by order entered February 26, 2002. Mayhew filed a notice of appeal on March 25, 2002.

■ Initially, we note that a panel of this court held that Mayhew's appeal was jurisdictionally defective with regard to the underlying summary judgment for the defendants and that the appeal would be treated as having been taken from the order which denied Mayhew's Rule 60(b) motion. *See Mayhew v. Gusto Records, Inc.*, No. 02–5413 (6th Cir. June 20, 2002) (unpublished order). Such an appeal does not bring the underlying judgment up for review. *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). Thus, the arguments raised in Mayhew's appellate brief as they relate to the underlying judgment will not be reviewed.

■ In reviewing the denial of a Rule 60(b) motion, this court is limited to determining whether the district court abused its discretion. *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991). An abuse of discretion has been defined as a "definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989).

Mayhew sought relief under Rule 60(b)(1), (3) and (6). Rule 60(b) allows the district court to relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: "1) mistake, inadvertence, surprise, or excusable neglect; ... 3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party...." Fed. R.Civ.P. 60(b). To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect. *See Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980). Rule 60(b)(3) requires fraud by an adverse party to warrant relief from judgment.

Upon review, we conclude that the district court acted within its considerable discretion by denying Mayhew's motion. Mayhew failed to satisfy the standards set forth in either subsection (b)(1) or (b)(3). His motion does not contain any new evidence, nor does it claim that any error of law was made in the initial decision granting summary judgment. Indeed, summary judgment was based not only on Mayhew's failure to respond, but also on Mayhew's deposition and failure to establish an essential element of the case. Moreover, a review of the record does not reveal the requisite clear and convincing evidence sufficient to establish fraud under Fed. R.Civ.P. 60(b)(3). *See Simons v. Gorsuch,*

715 F.2d 1248, 1253 (7th Cir.1983). Consequently, it was not an abuse of discretion to deny the motion.

Subsection (b)(6) will be properly invoked in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990) (original emphasis). Not only were no exceptional or extraordinary circumstances presented in this case, but the arguments presented in Mayhew's post-judgment motion have been rejected by the district court. A rule 60(b) motion must be denied if, as here, it is merely an attempt to relitigate the case. *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.