**James Monroe TYSON, Plaintiff–Appellant,**

v.

**Richard B. STAPLETON, Defendant–Appellee.**

No. 03–2182.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

James Monroe Tyson, Ionia, MI, pro se.

Before: SILER, DAUGHTREY, and SUTTON, Circuit Judges.

*ORDER*

James Monroe Tyson, a Michigan prisoner proceeding pro se, appeals a district

court order denying his motion for relief from judgment in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint, Tyson sued Richard B. Stapleton, the Hearing Administrator of the Office of Policy and Hearing, which is a division of the Michigan Department of Corrections, alleging that the Hearing Division is functioning under rules that were not properly promulgated under state law. The Hearing Division is responsible for conducting proceedings on misconduct charges. As a result, Tyson sought expungement of all of his misconduct convictions, as well as compensatory and punitive damages.

On March 4, 2003, the district court dismissed Tyson's civil rights complaint for failure to state a claim. On March 17, 2003, Tyson filed an "Ex Parte Affidavit in Support of Filed Petition for Judicial Review" pursuant to Fed.R.Civ.P. 59(e). On July 11, 2003, Tyson filed an "Ex Parte Affidavit" pursuant to Fed.R.Civ.P. 60(b). By order entered July 22, 2003, the district court treated the "affidavits" as a motion to alter or amend judgment and for relief from judgment, respectively. Both motions were denied by the July 22, 2003 order. Tyson then filed a motion for relief from the judgment on July 25, 2003. The motion was denied in an order dated August 3, 2003, and entered August 6, 2003. The notice of appeal, dated September 3, 2003, was filed on September 8, 2003.

Initially, we note that a panel of this court held that Tyson's appeal was jurisdictionally defective with regard to the March 4, 2003 underlying judgment of dismissal and the July 22, 2003 order, and that only issues regarding the August 6, 2003 order may be raised on appeal. Thus, the arguments raised in Tyson's appellate brief as they relate to the underlying judgment will not be reviewed.

In reviewing the denial of a Rule 60(b) motion, this court is limited to determining whether the district court abused its discretion. *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir.1991). An abuse of discretion has been defined as a "definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989).

Upon review, we conclude that the district court did not abuse its discretion in denying Tyson's Rule 60(b) motion. Tyson's motion falls under the "catch-all" subsection (6) of Rule 60(b). The residual clause contained in Rule 60(b)(6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. *McDowell*, 931 F.2d at 383–84; *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365–66 (6th Cir.1990). Subsection (b)(6) will be properly invoked in "unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365 (original emphasis). Not only were no exceptional or extraordinary circumstances presented in this case, but the arguments presented in Tyson's post-judgment motion have been rejected by the district court. A Rule 60(b) motion must be denied if, as here, it is merely an attempt to relitigate the case. *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.