Willie JACKSON, Plaintiff,

v.

REFINED SUGARS, INC., Defendant.

No. 88 CIV. 6550(DNE).

United States District Court,
S.D. New York.

Nov. 20, 1998.

## OPINION & ORDER

EDELSTEIN, District Judge.

*Pro se* Plaintiff, Willie Jackson, brings this motion pursuant to Federal Rules of Civil Procedure Rule 60 ("Rule 60"), seeking to vacate the judgment this Court ordered on October 19, 1989. For the reasons stated below, Plaintiff's request is Denied.

### Background

In 1988, Plaintiff, a former employee of Defendant, Refined Sugars, Inc., ("RSI"), commenced an action against RSI alleging that his 1987 discharge was based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and of 42 U.S.C. § 1981. *See* Affidavit of Donald W. Brainard, ("Brainard Aff."), ¶¶ 1–2 and Exh. A. The parties reached agreement on a settlement that afforded Plaintiff payments from RSI totaling $82,500. *Id.* at ¶ 5. Accordingly, on September 28, 1988, the parties entered into a Stipulation and Order of Discontinuance that this Court "so ordered" on October 19, 1989. *Id.* at Exh. B.

Nine years later, Plaintiff now seeks to vacate the judgment of dismissal pursuant to Rule 60(b). He argues that the judgment of dismissal should be vacated because he signed the settlement agreement "under duress from [his] lawyer." Plaintiff's Affidavit in Support of Motion ("Plaintiff Aff."), at 1. Plaintiff contends that in 1988, he advised his attorney that he wanted to receive pension payments as part of the settlement. *Id.* He claims, however, to have signed the settlement agreement that did not include pension payments because his attorney advised him that "this was the best [Plaintiff] could do under the law." *Id.*

### Discussion

Rule 60(b) provides in part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence, Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order or proceeding was entered or taken.

Fed.R.Civ.P. Rule 60(b).

Plaintiff does not argue that there is any newly discovered evidence (Rule 60(b)(2)); misconduct by RSI (Rule 60(b)(3)); that the judgment is void (Rule 60(b)(4); or any of the bases under Rule 60(b)(5). Moreover, because Plaintiff does not state in his papers what part of Rule 60(b) he bases his request for relief, this Court must assume that Plaintiff's motion is brought under either Rule 60(b)(1) or Rule 60(b)(6). Therefore, this Court will analyze Plaintiff's claim under both.

### 1. Rule 60(b)(1)

Plaintiff asserts that his representation in the prior proceedings was inadequate. He claims that part of his desired outcome prior to settlement was to receive pension payments. Nonetheless, Plaintiff asserts that, based on his attorney's recommendation, he accepted a settlement of $82,500 without pension payments. Plaintiff Aff. at 1. Plaintiff does not allege that his attorney prevented him from proceeding to trial or from attempting to secure a better settlement. Plaintiff only claims that his attorney expressed the opinion that "this was the best [Plaintiff] could do under the law." *Id.* This does not amount to error by the Plaintiff's attorney, and thus Plaintiff's argument fails.

Even assuming that Plaintiff's claim does demonstrate error by his attorney, Plaintiff

would not be entitled to relief. The Second Circuit has stated that:

> Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect. But we have consistently declined to relieve a client under subsection (1) of the "burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions .... Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.

*Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (citations omitted); *see also, United States v. Bank of New York*, 14 F.3d 756, 759–60 (2d Cir.1994); *Andrulonis v. United States*, 26 F.3d 1224, 1235 (2d Cir.1994).

█ In addition, motions filed under Rule 60(b) "shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order or proceeding was entered or taken." Rule 60(b). Plaintiff filed this motion approximately nine years after the judgment was entered. Plaintiff's motion is clearly untimely under Rule 60(b)(1), as it was brought more than one year after judgment.

2. *Rule 60(b)(6)*

Because Rule 60(b)(1) provides a potential basis for relief, Plaintiff cannot attempt to bring this motion under Rule 60(b)(6). *See Maduakolam v. Columbia University*, 866 F.2d 53, 55 (2d Cir.1989). Nonetheless, even if this were not the case, Plaintiff's motion does not present grounds for relief cognizable under Rule 60(b)(6).

█ In order to prevail under Rule 60(b)(6), Plaintiff must show "extraordinary circumstances or extreme hardship that warrant relief from the judgment." *Amoco*

*Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*, 605 F.2d 648, 656 (2d Cir.1979). When a movant is able to demonstrate that the interests of justice dictate, Rule 60(b)(6) "allows a district court to vacate its own final judgment .... The Rule gives the Court such authority to accomplish justice and leaves such determinations to its discretion." *Harman v. Pauley*, 678 F.2d 479, 480 (4th Cir.1982).

█ Nonetheless, as the Second Circuit stated, "Rule 60(b)(6) is not a *carte blanche* to cast adrift from fixed moorings and time limitations guided only by necessarily variant consciences of different judges.... and may be relied upon only in 'exceptional circumstances.'" *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir.1967). In the present case, the basis for Plaintiff's motion is simply a second guessing of a nine-year-old settlement. Plaintiff's "interest in undoing the results of a litigation strategy which, in hindsight, [may have been] unwise, fails to outweigh the judiciary's interest in the finality of judgments." *Wagner Spray Tech. Corp. v. Wolf* 113 F.R.D. 50, 51 (S.D.N.Y. 1986). Thus, Plaintiff does not state a claim for relief cognizable under Rule 60(b)(6).

In addition, Plaintiff's motion is also untimely under Rule 60(b)(6). A motion pursuant to Rule 60(b)(6) must be brought within a "reasonable time." Rule 60(b). *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995). Approximately nine years have elapsed between the end of this litigation and the instant motion. Plaintiff attempts to explain this delay in an unaddressed and undated letter attached to his Affidavit by stating:

> I must explain why it took me so long to seek relief from the judgment .... [My attorney] was recommended by the NAACP. I trusted them, I believed what he told me .... Many years later I was talking to an attorney I met at a gathering and I just happened to discuss my case with him.

Letter from Willie Jackson attached to Plaintiff Aff.

█ This argument is wholly without merit. Plaintiff knew approximately nine years ago that the settlement did not include pen-

sion benefits. His alleged inappropriate trust and confidence in his attorney provide no excuse for Plaintiff's delay. Thus, it is clear that Plaintiff's motion was not brought within a reasonable time. *See, e.g., PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 897 (2d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983) (noting that a one year delay was unreasonable under Rule 60(b)(6)); *Fustok v. Conticommodity Serv. Inc.,* 122 F.R.D. 151, 158 (S.D.N.Y.1988), *aff'd,* 873 F.2d 38 (2d Cir.1989) (stating that a two year delay was unreasonable); *Menashe v. Sutton,* 90 F.Supp. 531, 533 (S.D.N.Y.1950) (holding that a two year and four month delay was unreasonable).

### Conclusion

This Court considers Plaintiff's motion to be extremely frivolous and cautions Plaintiff that sanctions will be considered should he file any further frivolous motions in this case. Plaintiff's motion to vacate the judgment in this case is Denied.

SO ORDERED.