Maldonado v. Local 803 I.B. of T. Health and Welfare Fund

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand thirteen.

PRESENT:
         RALPH K. WINTER,
         ROSEMARY S. POOLER,
         DENNY CHIN,
                  *Circuit Judges*.
_____

FERNANDO M. MALDONADO,

         *Plaintiff-Appellant*,

         v.                                                    11-5361-cv

LOCAL 803 I.B. OF T. HEALTH AND WELFARE FUND,
affiliate with International Brotherhood of Teamsters AFL-CIO,

         *Defendant-Appellee.*
_____

For Appellant:          Fernando M. Maldonado, *pro se*, Elmont, NY.

For Appellee:           Stephen H. Kahn, Kahn Opton LLP, New York, NY.


         Appeal from an order of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Fernando Maldonado, proceeding *pro se*, appeals from a November 30, 2011 order denying his Fed. R. Civ. P. 60(b) motion for relief from the July 2010 judgment dismissing his complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *See Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Id.* A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided. *See Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984) (dismissing as frivolous an appeal from the denial of a Rule 60(b) motion, where the appellant "continue[d] to relitigate the same issue that the district court [previously] decided"). Moreover, we require "the party seeking to avail itself of [Rule 60(b)(6)] to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) ("[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." (quotation marks omitted)). Additionally, a Rule 60(b) motion made pursuant to Rule 60(b)(1), (2), or (3) must be made within one year of the entry of the court order, and a motion made pursuant to Rule 60(b)(6) must be made within a "reasonable time." Fed. R. Civ. P. 60(c).

Upon a review of the record and case law, we conclude that the district court did not abuse its discretion in denying Maldonado's Rule 60(b) motion. Regardless of whether his motion sought relief from judgment pursuant to Rule 60(b)(1), (2), or (3), Maldonado's motion was time-barred, as it was filed more than 16 months after the district court's July 2010 judgment dismissing his complaint. The one-year bar under Rule 60(c)(1) is "absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000).

Moreover, to the extent the motion could be construed as seeking relief pursuant to Rule 60(b)(6), Maldonado has not provided any valid reason for the extensive delay. *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (in order to determine whether a Rule 60(b) motion was filed within a reasonable time, the court should "scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay"). Furthermore, Maldonado has not established any "exceptional circumstances" or "extreme hardships" that would warrant granting a Rule 60(b)(6) motion. *Harris*, 367 F.3d at 81.

Finally, the Appellee asks this Court to warn Maldonado to cease his "vexatious, duplicative motions and appeals." Although "courts may impose sanctions, including restrictions on future access to the judicial system" if "a litigant has a history of filing

vexatious, harassing or duplicative lawsuits," *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks and citation omitted), such measures are unwarranted here.

We have considered all of Maldonado's remaining arguments and find them to be without merit. Accordingly, the order of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk