**AMERICAN CIVIL LIBERTIES UNION and American Civil Liberties Union Foundation, Plaintiffs,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. Immigration and Customs Enforcement, Defendants.**

**No. 11 Civ. 3786(RMB).**

United States District Court, S.D. New York.

Dec. 30, 2013.

Richard Guy Leland, Jennifer L. Colyer, Fried, Frank, Harris, Shriver & Jacobson, Judy Rabinovitz, American Civil Liberties Union Foundation, Udi Ofer, New York Civil Liberties Union, New York, NY, Justin Cox, ACLU Immigrants' Rights Project, Atlanta, GA, Michael Thomas Tan, ACLU Immigrants' Rights Project, San Francisco, CA, for Plaintiffs.

Louis Anthony Pellegrino, U.S. Attorney Office, New York, NY, for Defendants.

## DECISION & ORDER

RICHARD M. BERMAN, District Judge.

### Introduction

The Court has received another application, dated December 25, 2013, from Defendants U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Government" or "Defendants") relating to the Court's Decision and Order, dated September 9, 2013 973 F.Supp.2d 306, 2013 WL 4885518, ("September 9 Order"), in which the Court granted Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation's (collectively, "ACLU" or "Plaintiffs") Freedom of Information Act ("FOIA") application for information concerning immigrants detained by the Government for prolonged periods of time. This detention problem had earlier been spotlighted by the United States General Accounting Office in 2004, which stated that "ICE does not have information that provides assurance that its custody reviews [of detainees] are timely and its custody determinations are consistent with the [the law] and implementation regulations." (Complaint, Ex. B., General Accounting Office, "Immigration Enforcement: Better Data and Controls Are

Needed to Assure Consistency with the Supreme Court Decision on Long–Term Alien Detention, "GA–04–434 (May 2004)". The Department of Homeland Security Office of Inspector General's February 9, 2007 report also highlighted the issue and determined that "required custody decisions were not made in over 6% of cases, and were not timely in over 19% of cases." (Complaint, Ex. C, DHS Office of Inspector General, "ICE's Compliance with Detention Limits for Aliens with a Final Order of Removal from the United States," OIG–07–28, at 1 (Feb. 2007).) In opposing the ACLU's original FOIA request, the Government offered (very) unpersuasive arguments. (*See* Def.'s Mem. of Law in Supp. of Def.'s Mot. for Summ. J., dated May 17, 2013, at 13 (The information sought by ACLU "is so collectively unique that even without a name or alien number, it is still a personally identifying characteristic," and "would be reasonably expected to implicate the alien's privacy interests.").) It also indicated it would appeal the Court's ruling or comply with its obligation to disclose if it lost its own motion for summary judgment. (Hr'g Tr., dated September 3, 2013 ("9/3/13 Tr."), at 3:7–12 ("THE COURT: Once I resolve [the dispute over the redactions], then you, in terms of court process—this is the part I really want to nail down—if you can agree around whatever decision I make, well, that's fine and that ends the case. If you disagree legally, then the person who disagrees, one or both, goes to the Court of Appeals. Is that your understanding? **That's the real bottom line. That's the way I understand the process that is presented to me.** MR. TISDALE: Your Honor, Richard Tisdale for the [ACLU].

That would be my understanding as well. MR PELLEGRINO: Louis Pellegrino for the U.S. Attorney's Office. My understanding also your Honor.") (emphasis added).)

The Government did, in fact, file a notice of appeal on November 12, 2013. (Notice of Appeal, dated Nov. 12, 2013.) It also filed an application on November 19, 2013 to stay the Court's September 9 Order, which was denied on December 19, 2013. (Decision & Order, dated Dec. 19, 2013, at 9, 2013 WL 6912685.)

The Court is treating the Government's most recent application, dated December 25, 2013, which also includes a memorandum of law and four declarations, as a motion for reconsideration of the Court's September 9 Order and, for the reasons that follow, is denying reconsideration.[1]

***Discussion***

The Government's instant application for reconsideration is made pursuant to Federal Rules of Civil Procedure 60(b)(1), (6) and 62.1(a). (*See* Letter from Louis A. Pellegrino to Hon. Richard M. Berman, dated Dec. 24, 2013 ("Gov. Let."), at 1.) It contends that the Government "cannot possibly comply with the production deadline in the September 9 Order, which is premised on a mistaken understanding of the [September 6,] 2012 Stipulation and contrary to the interests of justice." (Gov. Let at 1.) In their opposition, dated December 26, 2013, Plaintiffs respond that "[t]here has been no error by the Court requiring relief and that "[t]he proposed motion is a last-minute attempt by the Defendants to avoid their obligations under the September 9, Order and the

---

1. While the Court fully respects the Government's right to avail itself of numerous procedural and substantive remedies, it cannot help but wonder if all this use of Government resources ("firepower") would not better and more usefully be directed by providing appropriate public disclosure of information regarding the underlying problems of immigrant detention.

specific terms of [the September 6, 2012 Stipulation], as well as the Freedom of Information Act." (Let. from Richard G. Leland to Hon. Richard M. Berman, dated Dec. 26, 2013 ("ACLU Let."), at 1, 2.)

■ The Government's latest motion, among its other deficiencies, is untimely. *See First Horizon Bank v. Moriarty–Gentile*, 10 Civ. 289(KAM)(RER), 2013 WL 6271840, at \*3 (E.D.N.Y. Dec. 4, 2013) ("Untimeliness in filing a motion for reconsideration is grounds for its denial") Local Rule 6.3 states that "[u]nless otherwise provided by the Court or by statute or rule ... a notice of motion for reconsideration or reargument of a court order ... resulting in a judgment, [shall be served] within fourteen (14) days after the entry of the judgment." Local Rules of the Southern and Eastern Districts of New York § 6.3 (2013). Judgment in this case was entered by the Clerk of Court on September 11, 2013, two days after the Court granted Plaintiff's summary judgment motion on September 9, 2013. (*See* Clerk's Judgment, dated Sep. 11, 2013) The Government's December 25, 2013 application was filed 105 days after the September 11, 2013 Judgment. *See id.; Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y.2004) ("[T]he Court concludes that the request, made over three and one-half months after the October Order, is far too late."); *First Horizon Bank*, 2013 WL 6271840, at \*3 ("As an initial matter, defendant's motion is not timely. The court denied defendant's motion to vacate the judgment and

stay proceedings on August 12, 2013, fortynine days before defendant filed the instant motion.").[2]

■ Even assuming, *arguendo,* that the Government's motion were timely, the motion would be denied because it demonstrates "no mistake, inadvertence, surprise or excusable neglect ... sufficient to afford appellee's Rule 60(b)(1) relief" and demonstrates no "extraordinary circumstances or extreme hardship that warrant relief from the judgment" under Rule 60(b)(6). *Nemaizer v. Baker,* 793 F.2d 58, 63 (2d Cir.1986); *Jackson v. Refined Sugars, Inc.,* 24 F.Supp.2d 322, 324 (S.D.N.Y. 1998); *see also United States v. Cirami,* 535 F.2d 736, 740 (2d Cir.1976) ("Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter."). Rather, the motion appears to be is an impermissible attempt to relitigate the Court's September 9 Order and its December 19, 2013 Decision and Order denying the Government's application for a stay pending appeal. (*See* September 9 Order; Decision & Order, dated Dec. 19, 2013 ("12/19/13 Decision & Order")); *see also Sokolow v. Palestine Liberation Org.,* 04 CIV. 397 GBD RLE, 2013 WL 5943990 (S.D.N.Y. Nov. 4, 2013) ("Reconsideration does not allow parties to 'reargue those issues already considered when a party does not like the way the original motion was resolved.' ") (quoting *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y. 1996)).[3] In its September 9 Order, the

**2.** The Government has also not met the requirement of Rule 60(c)(1) that "[a] motion under Rule 60(b) must be made within a reasonable time" because the Government has not provided "any valid reason for the extensive delay" in filing this motion. *Maldonado v. Local 803 I.B. of The Hlth. & Welfare Fund,* 490 Fed.Appx. 405, 406 (2d Cir.2013) (citing *PRC Harris, Inc. v. Boeing Co.,* 700

F.2d 894, 897 (2d Cir.1983)); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation ("C.N.A.N."),* 605 F.2d 648, 656 (2d Cir.1979) ("Appellant's briefs offer no explanation to support its substantial delay in attempting to reopen the ... judgment.").

**3.** For example, in its November 19, 2013 motion for a stay pending appeal, the Government asserted that it was "now unable to

Court stated: "Defendants are to produce the records requested in the September 6, 2012 Stipulation no later than November 3, 2013." (September 9 Order, 973 F.Supp.2d at 319, at 21.) And, in its December 19, 2013 Decision & Order the Court stated that "[t]he bottom line is that the production deadline in the September 9, 2013 Decision & Order came and went without any production by the Government or any request for an enlargement of time. The Government needs to come into compliance with the Court's directive." (12/19/13 Order at 9.)

■ "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000). The Government points to none of these. (*See* Gov. Let. at 1; *see also Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)) (Motions for reconsideration " 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.' ").) It has simply sought to move the goal posts for producing documents to the ACLU from 100 files in seven years (*see* Letter from Richard G. Leland to Hon. Richard M. Berman, dated Nov. 7, 2013, at 2) to 385 files within 15 months (see Gov. Let. at 2; *see also* note 4, *infra.*).

The Government's current application (surprisingly and belatedly) includes documents not previously presented to the Court, including a supporting memorandum of law, the December 24, 2013 declaration of FOIA Officer of the Freedom of Information Act Office at United States Immigration. and Customs Enforcement Catrina Pavlik–Keenan, the (second) declaration, dated December 24, 2013, of Chief of Information Disclosure within ICE's Office of Enforcement and Removal Operations Jeremy Thompson, the December 24, 2013 declaration of Assistant United States Attorney Louis A. Pellegrino, and the December 24, 2013 declaration of statistician Leonard A. Cupingood. (*See* Gov. Let. at 4.) None of these documents were included upon summary judgment or in the Government's November 19, 2013 motion for a stay pending appeal. (Def. 11/19/13 Mem.; Def.'s Mem. of Law in Supp. of Pl.'s Mot. for Summ. J., dated May 17, 2013 ("Def. 5/17/13 Mem.").) The Government's submission of these new filings at this late date appears to be an "attempt to relitigate the merits" of the Court's previous Orders, *i.e.* the proverbial "second bite at the apple." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir.1989) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012)).

The Court is also constrained to observe that the Government's latest application continues a troubling pattern of, at best, "loose" interpretation of the Court's September 9 Order. (See 12/19/13 Decision & Order at 7 ("The Government ... misstates the Court's findings in the September 9, 2013 Decision & Order.").) The Government's December 24, 2013 letter repeatedly states that the Government cannot "comply with the Court's Order to produce all 22,000 records on a timely basis." (Gov. Let. at 1, 3.) There is no such directive in the September 9 Order. *See id.;* 12/19/13 Order. The Court stated

---

meet the Court's November 19, 2013 production deadline for this impossibly large production." (Defs.' Mem. of Law in Supp. of Its Mot. for a Stay Pending Appeal, dated Nov. 19, 2013 ("Def. 11/19/13 Mem."), at 2.) Similarly, the Government now asserts that it "cannot possibly comply with the production deadline in the September 9 Order." (Gov. Let. at 1.)

that "[t]he parties have not yet identified the number of individual records ... that may ultimately be produced" and directed the Government "to produce the records requested in the September 6, 2012 Stipulation." *See id.* at 4, 21. The Court is not aware of a "lick" of document production made by the Government since the Court's September 9, 2013 Decision & Order.[4]

The Court stated in its December 19, 2013 Decision & Order: "As the parties are fully aware, the Court understood, as it pointed out at the September 3, 2013 and November 13, 2013 conferences, that once it had ruled on the parties' summary judgment motions, document production would commence." (12/19/13 Decision & Order (citing 11/13/13 Tr, at 2:12–17 ("THE COURT: You will recall that on September 3, 2013, we all had a status conference ... because I wanted to make sure that this process that the plaintiffs and defendants had come up with, which was one involving cross motions for summary judgment, would be definitive in this matter and we'd resolve it.")); Hr'g Tr., dated September 3, 2013 ("9/3/13 Tr."), at 3:7–12.) The ACLU persuasively points out that the current motion appears to be little more than "a last-minute attempt by the Defendants to avoid their obligations under the September 9 Order." (ACLU Let at 1.)

Finally, the Court is constrained to conclude (as it did at the November 13, 2013 conference) that the Government continues, quite obviously, to drag its heals in providing disclosure about immigrant detentions. Hopefully, it is not also trying to hide or obscure a distressing system or set of facts. (*See* pp. 12, *supra.*) "The bottom line is that the production deadline in the

September 9, 2013 Decision & Order came and went without any production by the Government or any request for an enlargement of time. The Government needs to come into compliance with the Court's directive." (12/19/13 Decision & Order at 9.)

### Conclusion & Order

For the foregoing reasons, Defendants' motion for reconsideration [# 59] is denied.

---

4. Depending upon the outcome of the Government's appeal to the Second Circuit, the Court may well invite suggestions from the parties for appropriate sanctions and/or remedies. **In the interim, the parties are encouraged to "meet and confer" and endeavor in good faith to reach a settlement.**